## AMY A. BARNES v. WILLIAM H. HULET.

(150 N. W. 562.)

**Trial court — equity case — judgment — amending or modifying judgment — provision of — merits — power to — making judgment effective.**

1. The trial court which entered a judgment in an equity case has the undoubted power to later modify or amend such judgment respecting provisions thereof not affecting the merits of the adjudication, but merely relating to the mode of effectuating the court's decision.

**Contract for sale of land — action to cancel — equity case — default in payment — judgment for payment or for cancelation — payment to plaintiff — to clerk of court.**

2. Where, in an equity case brought to cancel a contract for the sale of land on account of defendant's defaults in making certain payments, a judgment is entered decreeing such cancelation unless defendant, within a time stated, relieves himself from such defaults by making such payments to plaintiff's attorneys, it is not prejudicial error for the court, with or without cause shown, to thereafter modify such judgment by directing or authorizing such payments to be made to the clerk of the court for plaintiff's benefit, instead of to plaintiff's attorneys.

Opinion filed December 22, 1914.

Appeal from District Court, Ransom County; *Allen, J.*

From an order modifying a judgment so as to authorize and direct the payment by defendant of certain moneys to the clerk of. the district court, instead of to plaintiff's attorneys, plaintiff appeals.

Affirmed.

*Rourke & Kvello,* for appellant.

At common law a judgment cannot be amended after the term in which it was entered. Bramlet v. Pickett, 12 Am. Dec. 354, and note, 2 A. K. Marsh. 10; Black, Judgm. 2d ed. § 154.

In the absence of a statute authorizing it, the district court has no power to vacate, modify, or amend its judgments or decrees after they have been made and entered. Carlow v. Aultman, 28 Neb. 672, 44 N. W. 873; Barnes v. Hale, 44 Neb. 355, 62 N. W. 1063.

A final judgment is conclusive, both as to the relief granted and that which is denied. White v. White, 130 Cal. 597, 80 Am. St. Rep. 150, 62 Pac. 1062.

The statute of this state provides for relief from judgments. N. D. Stat. § 6884; Exchange Bank v. Ford, 7 Colo. 314, 3 Pac. 449.

The remedy by motion is used only in case of irregularity, and resort cannot be had to it to enable a court to reform or correct errors of law. The judgment here was regularly entered. State ex rel. McClory v. Donovan, 10 N. D. 206, 86 N. W. 709; Olson v. Mattison, 16 N. D. 231, 112 N. W. 994; Black, Judgm. 2d ed. § 158.

A court of equity can only amend its decrees where the record itself furnishes the means of correction. It cannot amend by granting additional relief. Bramlet v. Pickett, 2 A. K. Marsh. 10, 12 Am. Dec. 350; O'Brien v. O'Brien, 124 Cal. 422, 57 Pac. 225; Byrne v. Hoag, 116 Cal. 1, 47 Pac. 775; First Nat. Bank v. Dusy, 110 Cal. 69, 42 Pac. 476; Thompson v. Thompson, 73 Wis. 84, 40 N. W. 671; Manning v. Nelson, 107 Iowa, 34, 77 N. W. 503; Parker v. Linden, 59 Hun, 359, 13 N. Y. Supp. 95; 23 Cyc. subdiv. 4, 868 and authorities cited; Day v. Mountin, 89 Minn. 297, 94 N. W. 887.

Nor can the court amend so as to change the rights of the parties as fixed by the original judgment. Heath v. New York Bldg. Loan Bkg. Co. 146 N. Y. 260, 40 N. E. 770; Pursley v. Wickle, 4 Ind. App. 382, 30 N. E. 1115; Griffith v. Maxwell, 19 Wash. 614, 54 Pac. 35.

*Curtis & Curtis,* for respondent.

District courts of this state have the power to amend their decrees where such amendment does not affect the merits of the case, but tends to make effective the original judgment. Tyler v. Shea, 4 N. D. 377, 50 Am. St. Rep. 660, 61 N. W. 468.

FISK, J. This is an appeal from an order made by the district court of Ransom county on August 6, 1913, amending a judgment entered in that court on June 7th of that year. It is appellant's contention that such order was erroneous because the court had no authority in law to order such amendment, and, further, that the same was made without a proper showing of cause.

The judgment as originally entered recites the fact that a certain contract was entered into between the parties on June 21, 1905, whereby the plaintiff agreed to sell to the defendant, and the defendant agreed to purchase from the plaintiff, certain real property therein described, upon certain conditions and pursuant to certain stipulations therein recited. Such judgment also recites the fact that defendant breached such contract in numerous particulars, and that he is in default in making the payments required of him thereunder. It determines and adjudges the amount of such default to be the sum of $5,141.75 on May 13, 1913, and directs that such amount, with interest from such date, be paid at the office of plaintiff's attorneys at Lisbon, within ninety days from and after said 13th day of May, 1913, and upon default on defendant's part in making such payments within the time aforesaid, the contract will be canceled and annulled.

On August 6, 1913, defendant's counsel moved the court on due notice for an order amending the judgment aforesaid so as to permit defendant to make such payments to the clerk of the district court of such county for plaintiff's benefit, and that upon the payment thereof judgment be entered, vesting in the defendant such title to said real property as plaintiff possessed at the date of such contract. In support of such motion an affidavit was produced by defendant's counsel, stating in substance and effect that defendant had informed plaintiff's attorneys that he was ready and willing to comply with the terms of said judgment by making the payments therein required, and had requested plaintiff's attorneys to procure from plaintiff a quitclaim deed to said premises, to be delivered, pursuant to the terms of such judgment, upon the payments being made as aforesaid, and that plaintiff's attorneys had failed to secure such quitclaim deed. On such showing the order complained of was made.

We are entirely clear that the district court had legal authority to make such order, and the same must be affirmed. Whether the show-

ing on such motion was technically sufficient to warrant the making of the order it is not material to consider, for it is, we think, clear that the court, on its own motion and without any showing whatever, had the right to thus amend the judgment. Such amendment in no manner affects the merits of the case. The amendment relates merely to a matter wholly within the discretion of the trial court. It does not in the least affect the merits as adjudicated by the judgment. The case falls squarely within the rule settled and announced by this court in Tyler v. Shea, 4 N. D. 377. The portion of the opinion relating to this point will be found on pages 387 to 389 inclusive. That decision is controlling of the case at bar.

Affirmed.