A. L. GULBRO, Appellant, v. VAL ROBERTS, Respondent.

(175 N. W. 616.)

Appeal and error — appeal does not lie from order denying jury trial until after trial of equitable issue.

This case presents an appeal from an order denying plaintiff a jury trial only after the trial of equitable issue presented by the answer.

*Held* that the order does not in any way determine the merit of the action or prevent a judgment from which an appeal might be taken.

Appeal dismissed.

Opinion filed November 3, 1919. Rehearing denied November 25, 1919.

Appeal from District Court of Nelson County, *Robinson, J.*

*Flynn & Traynor,* for appellant.

When the plaintiff in the case at bar conceded the equitable issue involved, if there was an equitable issue involved, the plaintiff was then entitled to a jury trial. Lehman v. Coulter (N. D.) 168 N. W. 724; Tinker v. Farmers State Bank (Iowa) 160 N. W. 349; N. D. Comp. Laws 1913, § 7608; N. D. Const. § 7.

*R. J. Roberts (Engerud, Divet, Holt, & Frame of counsel),* for respondent.

This is an interlocutory order, and consequently is not appealable unless an appeal is provided for by the statute either expressly or by necessary implication. Patterson v. Ward, 6 N. D. 359; Bolton v. Donovan, 9 N. D. 575; Stimson v. Stimson, 30 N. D. 78.

The final order for judgment in an action is not appealable. Re Weber, 4 N. D. 132; Persons v. Himmons, 1 N. D. 244; Strecker v. Railson, 19 N. D. 677.

The same kind of an order in a special proceeding is appealable. Oliver v. Wilson, 8 N. D. 593; State ex rel. v. Meyers, 19 N. D. 805; Dow v. Lillie, 26 N. D. 512; Strecker v. Railson, 19 N. D. 677; Whitney v. Ritz, 24 N. D. 576.

When an equitable defense is presented it is to be decided by the court as if it were an equitable proceeding, before other issues are determined, because the determining of the equitable issues in favor of the defendant would put an end to the litigation, and obviate the necessity of trying the legal issues involved. Arnett v. Smith, 11 N. D. 55; Cotton v. Butterfield, 14 N. D. 465; Thayer v. White, 3 Cal. 228; Argnello v. Edinger, 10 Cal. 160; Estrada v. Murphy, 19 Cal. 272; Weber v. Marshall, 19 Cal. 457; Martin v. Zellenbach, 38 Cal. 310 (see opinion on rehearing at p. 319); Fish v. Benson (Cal.) 2 Pac. 457; Kimball v. McIntyre (Utah) 1 Pac. 168; Hotaling v. Bank (Neb.) 75 N. W. 243; Dupont v. Davis, 35 Wis. 639; So. End Min. Co. v. Finney (Nev.) 35 Pac. 89; Petty v. Malier, 54 Ky. 591; Sheeful v. Murty, 30 Ohio St. 50; Martin v. Turnbaugh (Mo.) 54 S. W. 515.

In some states the rule is established by statute. Deloy v. Chapmen, 2 Or. 245; Thomas v. Bronx Realty Co. 70 N. Y. Supp. 206.

In some states the order of trial is in the discretion of the court. Crosby v. Lumber Co. (Minn.) 101 N. W. 610; McCreery & Co. v. Myers

(S. C.) 49 S. E. 848; Tinker v. Bank (Iowa) 160 N. W. 349; Thatcher v. Stickney Bros. (Iowa) 55 N. W. 488.

The right to an attachment or the ground for it or the validity of the levy or the right to the property levied on are not involved in the trial of the action in any way. Sobolisk v. Jacobsen, 6 N. D. 175; Jewett Bros. v. Hoffman, 14 N. D. 115.

Robinson, J. This is an appeal from an order of the district court denying plaintiff a jury trial without first trying the equitable issues presented by the counterclaim. The statute gives the right to appeal from an order affecting a substantial right made in an action when such order in effect determines the action and prevents a judgment from which an appeal might be taken. Comp. Laws, § 7841, subd. 1. Manifestly the order in question does not in any way determine the action or prevent a judgment from which an appeal might be taken. If the order was erroneous the proper course was for the plaintiff to submit to it,—reserving an objection,—and then to appeal from a judgment, if it should be against him. Were it permissible to appeal from orders regarding the procedure, there would be no end to litigation.

Appeal dismissed, with costs.

Grace, J. (dissenting). Majority opinion states that this is an appeal from an order of the district court denying plaintiff a jury trial without first trying the equitable issues presented by the counterclaim.

As we view the matter, this statement is not in accord with the record. The plaintiff, in his complaint, claims that the defendant purchased from him a certain Delco light plant for $409.20; that the expense of installing the same was $65, which the defendant agreed to pay, and demands judgment for $474.20.

The defendant, in his answer, maintains that he made a contract with the plaintiff whereby the defendant should act as agent or factor of the plaintiff, whereby he was authorized to sell for the plaintiff, within certain territory, Delco light plants. By way of counterclaim, defendant further alleges that he did sell to divers persons, naming them, Delco light plants; that, by the terms of the contract, he was to receive 10 per cent of the selling price of each of said plants as a commission for making sale thereof, and 25 per cent of the amount received

for wiring and installing such plants, and claims commission in the sum of $477.28, and claims a factor's lien for that amount upon the Delco light system sold by the plaintiff to the defendant, to recover the purchase price of which this action was brought.

The defendant, at the time the case was called for trial, claimed that the case presented both legal and equitable issues, and asked that the equitable issues be first determined. Thereupon, the plaintiff conceded that, if the defendant recovered in the action, he was entitled to a lien upon the lighting system, which is the subject of this suit. This disposed of the equitable issue. The plaintiff demanded a jury trial, which was refused, and the court ordered, notwithstanding the plaintiff conceded the defendant a lien upon the property in question in event he had any recovery, that the equitable issues be first determined and the right to a jury trial be denied until the next term.

The concession made by the plaintiff that the defendant should have a lien in case of recovery disposed of every equitable issue in the case. · Nothing remained to be done except to determine the amount, if anything, which the defendant had promised to pay for the lighting system, the amount, if anything, due the defendant by reason of his counterclaims, all of which could result only in a money judgment, all of which was a question of fact exclusively for the jury.

·The order appealed from contains the following language:

The above-entitled action having been duly and regularly placed upon the calendar of the above court for trial at the regular July, 1919, term thereof, and having been regularly reached for trial at such term while a jury was in attendance upon said term on the 11th day of July, 1919, the same being a regular jury term of said court, the Honorable Chas. N. Cooley, judge of said district, presiding, the plaintiff appearing by his attorneys Flynn & Traynor of Devils Lake, North Dakota, and the defendant by his attorneys R. J. Roberts of Lakota, North Dakota, and Honorable Edward Engerud of Fargo, the plaintiff and the defendant being also present at said time in court, and upon the said case having been called for trial, the defendant having objected to the trial of the said cause to a jury until the issues raised by the defendant's counterclaim should first be determined in a trial to the court without a jury, it being contended by the defendant that the counterclaim is an equitable cause of action and that the same must

be tried to the court without a jury as an equitable action, and such equitable issues determined before the issues set forth in the complaint can be determined and before any trial to a jury thereof can be had, and the plaintiff having opposed the said objection and demanded a jury trial of said action and that the same at once proceed to trial, and having conceded for the purposes of the action that in the event of any recovery on the part of the defendant on his counterclaim that the same might be considered as a lien upon the personal property mentioned in said counterclaim as prayed for in said counterclaim, and having demanded an immediate jury trial of all of the issues involved other than the issues conceded as above; and the court, having heard the arguments of the counsel for the parties and being duly advised in the premises, thereupon ruled that the said action be tried to the court without a jury upon the equitable issues raised in the counterclaim, and that the plaintiff be denied a jury trial of the action set forth in the complaint at the present term of this court and until after the trial to the court on the counterclaim, now therefore, It is hereby ordered that the objection of the defendant is hereby sustained, and it is further ordered that the issues presented by the counterclaim herein be tried to the court without a jury as an equitable action, and that the plaintiff be and is hereby denied a jury trial of the issues set forth in the complaint at this term of court and until a trial of the issues of the counterclaim have been tried to the court.

Dated July 23, 1919.

Chas. M. Cooley.

The order is an appealable one. Under subdivision 4, § 7841, Comp. Laws 1913, it involves the merits of the action. Such an order is appealable.

When the plaintiff conceded the defendant should have a lien on the property in question, if he recovered anything in the action upon his counterclaim for commissions, there remained no equitable matters for the court to try. All of such were disposed of. If the order is allowed to stand, the plaintiff would be entirely, by such procedure, defeated of his constitutional right of trial by jury.

The question of the sale of the lighting system by the plaintiff to defendant, the purchase price thereof, the sales of lighting systems by defendant, if any, the price received for them, the commissions due

thereon,—are all exclusively questions of fact for the jury, which, when determined by it, could result in a money judgment only, in favor of one of the parties.

The effect of the order appealed from is to require all such questions to be determined by the court, and this, though the only equitable issue in the case, had been disposed of by the plaintiff, conceding that defendant had a lien upon the lighting plant purchased by him from the plaintiff for any recovery he might obtain in the trial of the action to a jury.

The order appealed from is erroneous. It is not a procedural order. Every question of procedure was disposed of when the plaintiff conceded the defendant a lien for any amount he might recover. The order operates to force the plaintiff to try questions of fact to the court only, which he has a legitimate and constitutional right to try to a jury. For the effect of the order inevitably is that every issue will be tried and determined before the court, for after the concession of the defendant's right to a lien, this disposed of the equitable issue. Nothing remains to be tried excepting the question of the amount of money which defendant is indebted to plaintiff on plaintiff's cause of action, or how much money plaintiff is indebted to defendant by reason of defendant's counterclaim. Hence, the effect of the order is to deny plaintiff his constitutional right to a jury trial in an action for the recovery of money only.

The counterclaim of defendant against the plaintiff, exclusive of the question which is conceded, is but an action against plaintiff for the recovery of money only.

The order should be reversed, and the matter should be allowed to be presented to a jury upon the plain questions of fact above indicated.