## EMMA B. DEAN, Appellant, v. J. H. SMITH, Respondent.

### (197 N. W. 589.)

**Appeal and error — appeal from interlocutory order held not sustainable under statute relating to appeals from order affecting substantial rights.**

In an action for an accounting where plaintiff has appealed from certain findings and conclusions of the trial court wholly interlocutory in their nature, it is held, for reasons stated in the opinion, that the right of appeal may not be sustained under subdivision 1, § 7841, Comp. Laws 1913.

Opinion filed January 31, 1924. Rehearing denied February 28, 1924.

Appeal and Error, 3 C. J. § 266 p. 455 n. 25.

Note.—Right to appeal from interlocutory judgment, see 2 R. C. L. 40; 1 R. C. L. Supp. 371; 5 R. C. L. Supp. 66.

In District Court, Ramsey County, *Kneeshaw*, J.

Plaintiff has appealed from certain findings and conclusions of the trial court which he asserts constitute an order in effect determining the action and preventing a judgment from which an appeal may be had.

Defendant has moved to dismiss the appeal.

Appeal dismissed.

*Cuthbert & Adamson*, for appellant.

*A. E. Wheeler*, and *Middaugh & Smythe*, for respondent.

PER CURIAM. In an action for an accounting.

Plaintiff has appealed from certain findings of fact and conclusions of law designated as an order of the district court. The defendant has moved to dismiss the appeal for the reason that such order is not appealable pursuant to either subdivisions 1 or 4 of § 7841, Comp. Laws 1913.

The order in question is designated by the trial court as its findings of fact, conclusions of law and interlocutory decree. Therein the trial court made findings of fact concerning the rights of the parties in certain land pursuant to a contract and deed made therefor; in particular, that one S. J. Dean owned the land and gave to defendant a deed thereof and, in addition, an agreement whereby the defendant assumed and agreed to pay certain mortgages, accrued interest and taxes upon the land, amounting to about $14,000; that the vendor should remain on the land provided he made certain payments and paid certain taxes: that the defendant reserved the right to sell the land and, in such event, to pay the excess of such amount of about $14,000 to plaintiff; that defendant subsequently sold the lands and pending the sale took certain rents and profits from the lands for four years, from 1916 to 1919 inclusive; that the vendor had transferred his right to his wife, the plaintiff; that the plaintiff and her husband failed and neglected to comply with the contract, vacated the premises; and that the defendant took and retained possession thereof and treated the contract as cancelled and annulled and since such time has asserted and claimed title to the land under the deed; that, since the vacation of such land by plaintiff and her husband, they have not made any open claims nor asserted any right to the land or any rights under the contract; that

the defendant had not received a sufficient amount out of the sale of the land to reimburse him for the amount due him, namely, about $14,000, and that the court therefore was unable to find or make any final or absolute decree in the case, or anything except findings and an interlocutory decree; that the court had suggested that fact to plaintiff and had suggested that the case be opened up for further accounting and evidence but plaintiff has not furnished any such evidence; that defendant was entitled to a reasonable amount for the four years in caring for and looking after the rental of the land; that plaintiff was entitled to receive any amounts realized by defendant over and above the said sum of about $14,000 and was liable to account for certain property received as a first payment made in the sale of the land; that plaintiff shall have the privilege of repaying the defendant the amount due defendant there for his services and thereupon shall be subrogated to the rights of the defendant. As conclusions of law, the court found that plaintiff was entitled to an accounting from defendant and was entitled to receive from defendant any amounts that defendant had received over and above the sum of about $14,000 and the amount due defendant for services; that plaintiff, if a satisfactory, friendly accounting can not be had between plaintiff and defendant, shall have the right to enforce and have a further accounting on application to the court for that purpose and the court reserves the right to make such other and further orders in the premises as he may deem necessary.

Such findings and conclusions of law do not provide therein any order of the court or any direction for the entry of a judgment. The plaintiff, the appellant herein, maintains that such findings of fact and conclusions of law constitute an order appealable as such under subdivision 1, § 7841, Comp. Laws 1913, namely, an order affecting a substantial right made in an action where such order in effect determines the action and prevents a judgment from which an appeal might be taken. Plaintiff asserts that these findings and conclusions required plaintiff to seek a settlement with defendant upon an erroneous theory of accounting and within a certain time, and amended the contract in certain respects; that such findings and conclusions made a final disposition of several phases of the contract.

The findings have not been set forth fully; they are extensive. Merely a general description has been given.

The findings and conclusions as made of course do not constitute a judgment. As made they do not pretend to be either a final judgment or an interlocutory judgment. Re Weber, 4 N. D. 119, 28 L.R.A. 621, 59 N. W. 523.

This court has heretofore held that an order to be appealable under subdivision 1, § 7841, Comp. Laws 1913 must not only be an order affecting a substantial right but must also be an order which in effect determines the action and prevents a judgment from which an appeal may be taken. Persons v. Simons, 1 N. D. 243, 46 N. W. 969; Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676. Hence, a mere order for judgment is not appealable. Ellis v. George, 43 N. D. 408, 175 N. W. 623; Ohness v. Duffy, 49 N. D. 933, 194 N. W. 113; Re Eaton, 7 N. D. 269, 74 N. W. 870. So an order refusing an application for judgment upon the special findings and general verdict of a jury is not appealable since the order does not determine the action or prevent a judgment from which an appeal might be taken. Persons v. Simons, supra. Likewise, an order denying to plaintiff a jury trial only after the trial of an equitable issue presented by an answer. Gulbro v. Roberts, 43 N. D. 455, 175 N. W. 616. So, an order refusing to dismiss an action and granting leave to amend the complaint is nonappealable. Strecker v. Railson, 19 N. D. 677, 125 N. W. 560.

In the instant case the findings and conclusions of the trial court constituted merely an interlocutory order. They did not prevent further proceedings in the action by the plaintiff nor did they inhibit further action by the defendant or by the court through its order. If the plaintiff refused to further proceed, the court or the defendant might take action so as to make a final order. If the plaintiff did proceed then the trial court, after such proceedings by plaintiff, could and would make its final order. We are satisfied that such findings and conclusions of the trial court being merely interlocutory may not be construed as an order appealable under subdivision 1, § 7841, Comp. Laws 1913. Therefore the motion of defendant must be and is herewith granted and the appeal dismissed.

BRONSON, Ch. J., and CHRISTIANSON, JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.