J. J. ARNOLD, Appellee, v. JAMES COLLINS et al., Appellants.

**JUDGMENT:** By Default—Striking Unverified Pleading. The striking from the record of a timely answer solely on the ground that the answer was unverified does not, *ipso facto* and instantly, leave the answering party in default. He may supply the verification at any time prior to noon of the following day.

**APPEAL AND ERROR:** Orders Appealable—Consolidation of Issues. An order refusing a consolidation of issues in a mortgage foreclosure proceeding is not appealable.

*Appeal from Allamakee District Court.*—H. E. TAYLOR, Judge.

MAY 11, 1923.

SUIT in equity, to foreclose mortgage and for the settlement of priority between mortgage and other alleged liens. The matters presented by this appeal are sufficiently stated in the opinion.—*Reversed and remanded.*

*William S. Hart* and *J. E. O'Brien*, for appellants.

*Elmer F. Pieper* and *C. S. Stilwell*, for appellee.

WEAVER, J.—The mortgage in question was made by the defendants Collins and wife. The original notice of an action to foreclose the same was made returnable March 21, 1922. Joined as defendants with Collins and wife were some twelve other parties, alleged to have or to assert claims of other liens on the mortgaged property. Collins and wife appeared to the suit, and on the second day of the term filed an answer, which plaintiff moved

to strike for want of verification; and on the same day, the motion to strike was sustained. On the following day, March 22, 1922, Collins and wife filed their separate answer, duly verified. It should also be said that, on the second day of the term, a default was entered against all the other defendants, except Knopf Brothers, F. H. Nagel, and Sarah Kaveny. On the same day, the three defendants here named filed answers, alleging themselves to be holders of liens on the mortgaged property, and, after showing to the court their several claims for the establishment of liens, moved for a consolidation of all the issues pertaining to or affected by said foreclosure proceedings, in order that the respective and relative rights of all parties in interest could be finally and fairly adjusted. At the same time, counsel for defendants Collins and wife, Knopf Brothers, Kaveny, and Nagel filed a written election to take their testimony in the form of depositions. This application was disregarded or denied by the court, which sustained plaintiff's motion to strike Collins' amended answer, and for judgment and decree against Collins and wife, as prayed; also plaintiff's motion for decree against all the other defendants, as upon default. Collins and wife appeal from the decree entered against them, and the other named defendants appeal from the order of the court holding them to be in default. The controversy is largely one in which the mere technicalities of procedure and practice have been so magnified and exaggerated as to obscure the proper end and aim of all litigation, the effectuating of substantial justice between the contending parties.

The mortgagors were summoned into court, to answer the plaintiff's demand for the foreclosure of a mortgage. The statute conferred upon them the right to appear and answer or plead in some form on or before noon of the second day of the term. They did appear, and did file answer in due time; but, as they failed to verify, it became subject to a motion to strike. The motion was sustained forthwith, but the striking of the answer did not leave said defendants in default; for they had a statutory right to make the needed amendment at any time until noon of the following day. Code Sections 3550 and 3552. Ignoring these provisions, opposing counsel at once demanded a default, which was entered by the court. The defendants,

without formally moving to set aside the premature default, filed a properly verified answer, within the time allowed by the statute. Ignoring this answer, the court entered a decree of foreclosure as upon default, and therefrom said defendants have appealed.

In our judgment, this decree should be reversed. In spite of the entry found in the record, it is clear that defendants were *not* in default. They answered in due time, and that answer presented an issue on which they were entitled to be heard. The demand for a default was premature, and the order granting it is a self-evident inadvertence, which ought not to be held effective to estop the defendants, who admittedly answered in time.

As relates to the appeal of the junior lien holders from the court's refusal to order a consolidation, we are of the opinion that the order is not appealable, and that the question so presented is one upon which the trial court may be

2. APPEAL AND ERROR: orders appealable: consolidation of issues.

left to exercise its sound discretion when, upon remand, it comes up for settlement of the issues and trial upon the merits.

The decree against the defendants is, therefore, reversed, and the cause remanded for further proceedings not inconsistent with the foregoing opinion.—*Reversed and remanded.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.