[File Nos. 6932, 6933]

T. A. SWIGGUM, Appellant, v. VALLEY INVESTMENT COMPANY, a Corporation, Respondent.

T. A. SWIGGUM, Appellant, v. VALLEY INVESTMENT COMPANY, a Corporation, Northwestern Trust Company, a Corporation; and Fred L. Goodman, Respondents.

(15 NW(2d) 862)

Opinion filed August 16, 1944. Rehearing denied Aug. 31, 1944

*George D. Smith,* for appellant.

*Bangs, Hamilton & Bangs,* for respondent.

MORRIS, Ch. J. There comes to this court a cluster of actions springing from a single stem. The pleadings disclose that stem to be a claim by the plaintiff for brokerage commissions growing out of the sale of certain tracts of real estate in Grand Forks County. The two actions above entitled involve the same transaction. The prayers for relief are identical except that in one action judgment is sought against the Valley Investment Company alone while in the other, judgment is sought against the Valley Investment Company and two co-defendants.

The plaintiff made a motion in each case that the two cases be consolidated and tried as one case. On February 3, 1944 the court made an order in each case denying the motion to consolidate and also in the same order denied a motion that the cases be continued whereupon the plaintiff appealed to the Supreme Court in each case from the orders thus entered. The records reached this court and were filed therein by the clerk June 7, 1944.

In this court the two appeals have been treated by both parties and by the court as one appeal. When the matter was called for argument, counsel for plaintiff appeared specially and objected to the jurisdiction of this court to hear arguments at that time for reasons which we will now discuss.

The plaintiff in the lower court in connection with each of the actions here involved had also instituted garnishment proceedings naming one B. O. Sorbo, garnishee. The trial court entered an order in the garnishment proceedings approving a bond and directing the release of the garnishee in each proceeding. The plaintiff appealed to this court from that order. The record of the proceedings in the gar-

nishment matter was filed in this court April 28, 1944 and was placed on the regular June calendar for argument. Prior to the holding of our June term the plaintiff made a motion in the appeal involving the garnishment order, in which he asked this court "for an Order continuing the Appeal in the aforesaid proceedings over the June, A.D. 1944 Term of the Supreme Court and that said Appeal be heard and argued jointly with the other two appeals referred to in said Affidavit at some subsequent Term of the Supreme Court." The motion was accompanied by an affidavit in which counsel referred to the two appeals in the main actions stating that it was impossible to get them to the Supreme Court for the June term and that all three appeals should be argued at one time because the same questions were involved and that all three could be argued more effectively if heard at one time and would require less time of the Supreme Court and counsel. The motion for continuance of the argument of the appeal in the garnishment matter was heard in this court on June 10, 1944 and was resisted by the defendants. At that time the appeals in the main actions had already been filed but were not on the June calendar. After considering the motion for continuance we made the following order:

"That the motion for the continuance of the above entitled cause over the June, 1944 and to a subsequent term of this Court be and the same is hereby granted."

"Ordered, further, That this appeal and the appeals in No. 6932, T. A. Swiggum, Plaintiff and Appellant v. Valley Investment Company, a corporation, Defendant and Respondent, and No. 6933, T. A. Swiggum, Plaintiff and Appellant v. Valley Investment Company, a corporation; Northwestern Trust Company, a corporation; and Fred L. Goodman, Defendants and Respondents, be heard at the Special July, 1944 Term of this Court on July 6, 1944 at 10 a. m."

We also by another order directed that a special term of this court be held on the sixth day of July, 1944. On the same day that the plaintiff's motion for continuance was granted and the special term ordered, the clerk of this court advised plaintiff's counsel of these facts by telegram which was immediately followed by a letter enclosing a copy of the order which granted the continuance and set the cases for argument on July 6. On receipt of this letter counsel for plaintiff wrote the

clerk for further information regarding the special term. The clerk then sent him a copy of the order calling the special term. The receipt of this copy was acknowledged in a letter from plaintiff's counsel dated June 19, 1944.

Plaintiff attacks our jurisdiction to hear the arguments at the special term on the grounds that the term was not properly called and sufficient notice was not given. He further contends that the cases were not rightly on the calendar for argument. These contentions are clearly unsustainable. Section 715, Supp. to Comp. Laws provides that:

"The supreme court shall prescribe by rule or regulation the time and manner in which the general and special terms thereof shall be held."

Rule 2 of the Rules of Practice of this court provides:

"General terms of the Supreme Court shall be held monthly at the State Capitol, commencing on the first Tuesday of each month, excepting the months of July and August. Special terms may be held at such times and places as may be designated upon ten days' prior notice thereof." 41 ND 692, 180 NW vii.

Section 716, Supp. to Comp. Laws provides:

"All cases pending in the supreme court on appeal or otherwise, shall be placed on the calendar of such court and be liable for call for argument and for final disposition in such manner and at such time as the supreme court may by rule or order prescribe."

The statute clearly recognizes the power of this court to control its terms and its calendar. The steps taken in ordering the special term and directing that the cases be placed upon the calendar fully comply with the statute and the rule established by this court. Counsel for plaintiff does not suggest that he has been placed at any disadvantage in preparing or submitting his appeal by the course taken by us in bringing the case on for argument at one term. In his original motion he sought a continuance of an appeal that was regularly on the June calendar so that it might be heard jointly with the two other appeals at some subsequent term. He got exactly what he asked for. All three appeals were set for argument together and were heard at one time.

Counsel attempts to present a further argument that the cases involved in this appeal were not properly on the calendar for argument

because of a statement contained in the formal printed receipt mailed to him by the clerk when the cases were received and before the special term was called. The clerk's office, as a matter of routine, acknowledges receipt of cases as they are filed. This receipt contains a statement that, "This cause will appear upon the calendar for the ........ 19..... Term of the Supreme Court." In this case the word September was inserted as indicating the term. Had the special term not been called the cases would have appeared on the regular September calendar. The September calendar had of course not been made up. No cases had been ordered set by the court. All cases were merely filed awaiting disposition in the orderly course of procedure. When we called a special term we ordered that plaintiff's case along with other matters be set for disposition on July 6. All of plaintiff's contentions regarding our jurisdiction to hear the arguments in these cases are technical to the point of frivolousness. Plaintiff's objections are overruled.

Counsel for defendants has moved that the appeals be dismissed upon the ground that the orders attempted to be appealed from are not appealable orders. Counsel for the plaintiff does not contend that the portions of the orders denying his application for continuance are appealable. He does insist, however, that the orders are appealable in so far as they deny his motion to consolidate the two actions. Interlocutory orders are not appealable unless they are made so by statute. Stimson v. Stimson, 30 ND 78, 152 NW 132; Ostlund v. Ecklund, 42 ND 83, 171 NW 857. Appealable orders are enumerated in § 7841 ND Comp. Laws 1913. The plaintiff contends that the orders in question are appealable under subdivision 4 of that section which provides that an appeal may be taken to the Supreme Court from an order "when it involves the merits of an action or some part thereof; when it orders judgment on application therefor on account of the frivolousness of a demurrer, answer or reply on account of the frivolousness thereof." Orders that do not come within the provisions of § 7841, supra, are not reviewable. Unless the order under consideration involves "the merits of an action or some part thereof." The motion to dismiss the appeal must prevail.

Both parties cite Bolton v. Donavan, 9 ND 575, 84 NW 357. In

that case the plaintiff instituted an action for the recovery of money only against Donavan as sole defendant. Donavan made an application to the trial court and over the objection of the plaintiff secured an order directing an additional defendant to be brought into the action. The plaintiff appealed to this court. The Supreme Court held that the order was appealable under subdivision 4 of the statute under consideration on the ground that "it involves the merits." The court took the view that the phrase "involves the merits" was sufficiently broad to embrace orders which pass upon substantial legal rights whether they relate directly to the cause of action or subject matter in controversy. Counsel for both parties argue that the language of the decision favors their particular construction of the statute. The question in that case is so different from the one here involved that we can get but little assistance from it. It would seem that an order adding another defendant to a legal action over the objection of the plaintiff bears no analogy to an order in which the court refuses to consolidate two actions at the request of the plaintiff who might have in the first instance sued all parties in one action. The plaintiff elected to institute two lawsuits. In the first he sued but one defendant. In the second he joined two other defendants with the same party that he had made defendant in the first suit. In each action he invoked the provisional remedy of garnishment against the same garnishee. The merits of these actions can be no way involved in the refusal of the trial court to consolidate them. In Schutt v. Federal Land Bank, 71 ND 640, 3 NW(2d) 417, we held that an order denying the trial of the case by a jury and holding that the case was properly triable by the court alone related to the mode of trial and left the rights of the parties upon the merits entirely unadjudicated. Likewise the order now before us relates to the mode of trial in that it denies the plaintiff's motion to have the cases tried together and leaves them to be tried separately. Clearly the merits of the actions are not involved.

Decisions in other jurisdictions are not of great value in view of divergent statutes. Nevertheless, in no jurisdiction do we find a decision favorable to the plaintiff. It is generally held, where the question has arisen, that an appeal will not lie either from an order consolidating or from an order denying a motion to consolidate two or more actions.

4 CJS p. 209, 3 CJ p. 473; Wagner v. Racine County, 161 Wis 364, 154 NW 372; Arnold v. Collins, 195 Iowa 1140, 193 NW 408; Webster v. Bader, 109 Minn 146, 123 NW 289. The orders from which the plaintiff has attempted to appeal are clearly nonappealable. The appeals are dismissed.

CHRISTIANSON, BURR, NUESSLE and BURKE, JJ., concur.