[File Nos. 6932 and 6933]

T. A. SWIGGUM, Appellant, v. VALLEY INVESTMENT CO., a Corporation, Respondent.

T. A. SWIGGUM, Appellant, v. VALLEY INVESTMENT CO., a Corporation, Northwestern Trust Co., a Corporation, and Fred L. Goodman, Respondents.

(19 NW2d 857)

Opinion filed November 13, 1945

*George D. Smith,* for Motion.
*Bangs, Hamilton & Bangs, Contra.*

PER CURIAM. The plaintiff has moved "that the Supreme

Court recall the mandate issued in the two above appeals," which appeals were dismissed pursuant to the decision of this court rendered August 16, 1944 and reported in 73 ND 422, 15 NW2d 862.

The plaintiff brought the two above entitled actions in the District Court of Grand Forks County to recover for brokerage commissions growing out of the sale of certain tracts of land in Grand Forks County. The two actions involve the same transaction. The prayers for relief are identical except that in one action judgment is sought against the Valley Investment Co. alone, while in the other, judgment is sought against the Valley Investment Co., the Northwestern Trust Co., and Fred L. Goodman. "The plaintiff made a motion in each case that the two cases be consolidated and tried as one case. On February 3, 1944 the court made an order in each case denying the motion to consolidate and also in the same order denied a motion that the cases be continued, whereupon the plaintiff appealed to the Supreme Court in each case from the orders thus entered." (73 ND 422, 15 NW2d 862.) Counsel for the defendants in the two cases moved that the appeals be dismissed upon the ground that the orders attempted to be appealed from are not appealable orders. In a decision made and filed August 16, 1944 this court sustained the motions and ordered the appeal in each of the cases to be dismissed on the ground that the order denying plaintiff's motion to consolidate the actions was not an appealable order. Such decision of the court is reported in 73 ND 422, 15 NW2d 862. The same day that the decision was filed, the clerk of this court, in conformity with the usual practice, transmitted to counsel for the respective parties a copy of the decision of this court and a notice reciting that "an order has this day been entered" that the appeals in the two cases be dismissed, and further stating that "under the rules of the court the defeated party is entitled to fifteen days from this date, within which to make, serve and file in this office, seven copies of petition for rehearing, during which period the remittitur is stayed."

On August 28, 1944 counsel for the plaintiff filed a petition

158

for a rehearing. On August 31, 1944 this court entered an order denying a rehearing. On that same day the clerk of this court made and transmitted a communication to counsel for the plaintiff reading as follows: "In Nos. 6932–33. Swiggum v. Valley Investment Company, an order has today been entered denying your petition for rehearing. Remittitur will now go forward as soon as the same can be reached in the regular order of business."

On September 2, 1944 the clerk of this court duly executed and attested the mandate or remittitur in each case and thereupon caused such mandate, together with the record on the appeals, to be transmitted to the clerk of the District Court of Grand Forks County. Thereafter the plaintiff made application in each of the cases for a change of place of trial. The applications were denied by the trial court and the plaintiff appealed to this court from the order denying the change of place of trial in each case. The appeals came on for argument, and on July 28, 1945, decision was rendered by this court affirming the order in each of the cases. The plaintiff filed a petition for rehearing of such appeals. The plaintiff also served notice of a motion that this court recall the mandate or remittitur "issued in the two above appeals on the appeals from the orders denying plaintiff's motion to consolidate the two actions,"—that is, the appellant served notice of motion that the court recall the mandate or remittitur made pursuant to the decision of this court rendered August 16, 1944 dismissing plaintiff's appeals from the orders denying his motion to consolidate the two actions, which remittitur was executed and attested by the clerk of this court on September 2, 1944, and thereupon transmitted to the clerk of the district court.

On August 17, 1945 this court denied the petition for rehearing of the appeals that were decided by the decision rendered July 28, 1945. (Swiggum v. Valley Invest. Co. and Swiggum v. Valley Invest. Co. 73 ND 765, 19 NW2d 569.)

The motion to recall the mandate or remittitur came on for hearing before this court on October 23, 1945. Such motion was based upon the ground that the order of this court denying the

petition for rehearing "was prematurely and inadvertently entered." In his motion appellant says "that under the state law and the rules of the Supreme Court the appellant had fifteen full days within which to file a petition for rehearing and in which to file amendments thereto" and that "as a consequence the Supreme Court had no legal right to rule in the matter or make any order with respect to the said petition for rehearing until after the expiration of the said fifteen days."

At the time the order was entered denying the petition for rehearing on August 31, 1944 the Laws of North Dakota made no provision for petitions for rehearing, but the rules of this court provided that: "A petition for rehearing may be filed if accompanied by seven copies of such petition, at any time within fifteen days after the decision in the case is filed. In all cases, the remittitur shall be stayed until the expiration of the time for the filing of petitions for rehearing, or until the petition therefor shall be denied, unless this court shall otherwise order." Supreme Court Rule 15, 41 ND 695, 696.

The decision of this court on the appeals from the order of the district court denying the motion in each case to consolidate the two cases was rendered August 16, 1944, and the order denying the petition for rehearing was entered August 31, 1944, and the remittitur was executed and attested on September 2, 1944. It is the contention of the appellant that the Supreme Court "had no legal right to rule in the matter or make any order with respect to the said petition for rehearing until after the expiration of the said fifteen days," and that:

"As said Order denying the petition for rehearing was made before it could be legally entered, the said petition has not yet been acted upon or decided under the rules applicable thereto. That, therefore, the mandate returning the said cases to the District Court was inadvertently issued. No mandate can ever issue until the petition for rehearing is *regularly* disposed of. No Supreme Court can ever make any Order disposing of any petition for rehearing before the expiration of the time for filing thereof as fixed by law.

Any order or judgment entered by any Court before the date

on which such action can legally be taken is premature and void."

A remittitur is not itself a decree of the court. Its office is to communicate to the lower court the decision that has been made by the appellate court. 5 CJS p 1487. In this state the remittitur, or notification to be given to the lower court, has been prescribed by the Legislature. The statute has remained without substantial change since its enactment as a part of the Revised Code of 1895, and is embodied in § 28–2730 of the ND Rev Code of 1943, and reads as follows: "The clerk of the supreme court shall remit to the court from which the appeal was taken the papers transmitted to the supreme court on the appeal, together with the judgment or decision of the supreme court thereon, within sixty days after the same shall have been made, unless the supreme court on application of either of the parties shall direct them to be retained for the purpose of enabling such parties to move for a rehearing. In case a motion for a rehearing is denied the papers shall be remitted within twenty days after such denial. The clerk of the supreme court in all cases, except when the order or judgment is affirmed, also shall transmit with the papers so returned by him a certified copy of the opinion of the supreme court."

Under the rules of this court and the notice transmitted to appellant's counsel, appellant had the right to file a petition for a rehearing at any time within fifteen days from the date of the decision. Under such rules he might file "a petition for rehearing," but he was not given the right to file more than one petition. If he desired to file an amended or supplementary petition, that right could, and generally would be, afforded, but he must obtain permission of the court to do so. 4 CJS pp 2041–2042.

The appellant exercised his right to petition, and presented to the court by his petition the reasons he claimed a rehearing should be had. Obviously the court was not inhibited from passing upon the petition that he had filed because he could have refrained from filing the petition until some date later than the one on which he filed it.

The appellant did not request or suggest that he desired to file any amendments to the petition that had been filed, or to file a supplementary petition. This court retained jurisdiction of the appeal until September 2, 1944, and if any amendments or supplementary petition had been presented before that time, the same could and would have been considered.

In disposing of the petition for rehearing in this case, the court followed precisely the same procedure that has been followed throughout the history of the court. The petition was not acted on prematurely, nor was the remittitur sent down inadvertently or prematurely.

It is the practice of this court, and has been so during its entire history, to enter, in every case brought before it on appeal, a formal determination, signed by the Chief Justice and attested by the clerk; stating the decision of the court. This practice prevails in all cases. It prevails as well in cases where there are filed written opinions signed by the judges, as in matters where no such opinion is required and filed.

This practice is recognized by § 28–2730 ND Rev Code 1943, which provides that, "The clerk of the supreme court shall remit to the court from which the appeal was taken the papers transmitted to the supreme court on the appeal, together with the judgment or decision of the supreme court thereon, . . . . The clerk of the supreme court in all cases, except when the order or judgment is affirmed, also shall transmit with the papers so returned by him a certified copy of the opinion of the supreme court."

Here there is a clear recognition that "the judgment or decision of the supreme court," and "the opinion of the supreme court" have different meanings, and are evidenced by different documents. Houston v. Williams, 13 Cal 24, 73 Am Dec 565; Robertson v. Vandergrift, 119 W Va 219, 193 SE 62, 63; Alleghany Corp. v. Aldebaran Corp. 173 Md 472, 196 A 418, 421; Rogers v. Hill, 289 US 582, 77 L ed 1385, 53 S Ct 731, 88 ALR 744; Coffey v. Gamble, 117 Iowa 545, 91 NW 813; Van Gorden v. Schuller, 192 Iowa 853, 185 NW 604. The opinion sets forth

the reasons given by the judges for the judgment or decision they agree the court shall render. The decision signed by the Chief Justice and attested by the clerk constitutes "the judgment or decision" of the court, which in all cases is to be transmitted by the clerk of the Supreme Court to the court from which the appeal was taken, together with the papers embodied in the record on appeal, and the certificate of the clerk of the Supreme Court, as prescribed by § 28-2730, ND Rev Code 1943. Where the order or judgment appealed from is affirmed the opinion of the Supreme Court need not be transmitted to the court below, but in all other cases the clerk of the Supreme Court must, also, transmit a certified copy of the opinion.

When a decision is rendered by the Supreme Court of North Dakota disposing of a cause brought before it by appeal, the decision so rendered is not a conditional or interlocutory decision to be made final by subsequent order or decision after the time allowed to petition for rehearing has expired. The decision is final and requires no further action on the part of the court unless a petition for rehearing is filed. The remand of the record is stayed during the time allowed to petition for rehearing. If no petition is filed during such period, or if a petition is filed and denied, then the stay is terminated. The expiration of the period within which petition for rehearing may be filed in the one case, or the denial of the petition in the other, fixes the time at which the record on appeal and the remittitur may be transmitted to the court from which the appeal was taken. The decision of the Supreme Court is not rendered conditional or interlocutory because the court retains jurisdiction of the cause for a time so as to enable it to entertain a petition for rehearing if one is presented. The judgment of a district court is not rendered conditional or unenforceable because the party against whom such judgment was rendered has a right to move for a new trial, and no more is a decision of the Supreme Court rendered conditional or its decisive character affected by the fact that a party against whom such decision was rendered has a right to petition the court for a rehearing. Dur-

ing the time allowed for petitioning for a rehearing there is a stay of the remand to the trial court,—a retention of jurisdiction by the appellate court,—so that the appellate court may have jurisdiction to entertain a petition for rehearing if one is presented.

"A petition for a rehearing does not vacate or annul the judgment. It merely suspends it from the date of the filing thereof. The denial of a petition or motion for rehearing leaves the judgment in full force as of the time of its rendition." 4 Am Jur 352, Assignments for Benefit of Creditors; 4 CJS p 4043.

In every cause brought before this court on appeal, it manifestly becomes necessary to remit the record and the decision of this court to the court from which the appeal was taken. So, in the formal decision entered by this court when a cause is decided, there is a recital that the cause be remanded to the court from which the appeal was taken. Such recital constitutes the direction of the court to be carried into effect by the clerk when, under the statute and the rules, the time has come when the record in the case should be remanded to the court from which the appeal was taken. In conformity with this practice, the determination in this case contained this recital:

"And it is further ordered, that this cause be and it is hereby remanded to the District Court for further proceedings according to law, and the order of this court."

The decision or determination signed by the Chief Justice and attested by the clerk, containing such recital, was entered and filed simultaneously with the opinion rendered August 16, 1944.

On the oral argument appellant's counsel contended that this recital in the decision constitutes a remittitur and that the court had no authority to provide for a remand of the record until the time allowed to petition for rehearing had expired. This contention is not well founded.

The practice followed by this court is almost identical with that which prevails in our sister state South Dakota and with the practice followed by the Supreme Court of the United States. An examination of the mandates of the Supreme Court

of the United States that have been transmitted to this court in causes wherein decisions of this court have been brought before the Supreme Court of the United States for review discloses that the Supreme Court of the United States also enters a formal order or judgment embodying the substance of the decision or determination of the court in addition to the written opinion of the court, and that such formal decision is made and entered on the same day that the written opinion signed by the judges of the court is filed. Thus, in the case of the Federal Land Bank v. Bismarck Lumber Co., the opinion of the Supreme Court of the United States was announced and filed on November 10, 1941. 314 US 95, 86 L ed 65, 62 S Ct 1. The record remitted to this court shows that on that same day the Supreme Court of the United States entered a judgment or decision wholly apart from and in addition to the opinion signed by the judges, which among others contained the following recital:

"And it is further ordered that this cause be, and the same is hereby, remanded to the said Supreme Court for further proceedings not inconsistent with the opinion of this Court."

The mandate or remittitur in the case which recites the judgment of the Supreme Court of the United States, as entered on November 10, 1941, was executed and attested by the Clerk of the Supreme Court of the United States on December 18, 1941.

The motion to recall the remittiturs is denied.

CHRISTIANSON, Ch. J., and BURR, NUESSLE, MORRIS and BURKE, JJ., concur.