Margaret ERLING, James Erling, and R. W. Henderson, Plaintiffs and Appellants, Larry F. Davis, and Mary Davis, Plaintiffs,

v.

Augustine HAMAN, Herbert Oliver, Fred Hettick, Edward Kautz, Ralph Berg, Theodore Hinkel, Robert J. Johanneson, Emil Baranko, Leo Stone, individually and as the purported board of directors of Stockmen's Insurance Agency, Inc., Defendants and Respondents.

No. 8307.

Supreme Court of North Dakota.

July 1, 1966.

Rehearing Denied Aug. 16, 1966.

Walter O. Burk, Williston, for appellants.

Maurice G. LaGrave, Mandan, for respondents.

MURRAY, Judge.

The appellants appeal from three orders, namely:

Order denying motion to vacate order appointing Master.

Order dismissing plaintiffs' complaint.

Final order dismissing plaintiffs' complaint.

 Of the three orders above listed, the first we find it unnecessary to deal with. The second order was by its own terms not appealable, being interlocutory and not final. We do find it necessary to deal with the third order appealed from.

Further, procedurally, only the plaintiffs, Margaret Erling, James Erling, and R. W. Henderson have appealed. Plaintiffs Larry F. Davis and Mary Davis did not appeal, and are not before this Court as appellants although they are incorrectly so listed on briefs of both counsel.

The basis of the dismissal of the complaint, upon which the trial court acted, was Rule 37(b) (2) (iii) North Dakota Rules of Civil Procedure.

 Among the things which we find it wholly unnecessary to deal with, are the conduct and actions of those plaintiffs who are not before us as appellants. For instance we are wholly unconcerned with the fact that plaintiff, Larry F. Davis, attempted to take the Fifth Amendment when a deposition was taken or with any other act of commission or omission of said Larry F. Davis or Mary Davis. The obvious reason for this is they are not before us as appellants and the orders of the district court below with respect to these two plaintiffs are absolutely final and the time for appeal has run.

This Court has before it, therefore, but one question we need to determine here, which is whether or not the complaint in the action below, as to those plaintiffs who still remain as appellants here, should be dismissed under the provisions of Rule 37(b) (2) (iii) North Dakota Rules of Civil Procedure. It is unnecessary to pass upon anything else.

As to the plaintiff-appellants before this Court, we hold the complaint should not be dismissed and we therefore disagree with the Court below.

From the record before us, it appears that no neglect, misconduct, malfeasance or misfeasance on the part of the plaintiff-appellants has caused the situation which now exists. Nor does our decision in any way effect a final decision on the merits of this case, which will now go before the District Court of Burleigh County.

There is a paucity of authority in North Dakota on this subject, for the obvious reason that this State adopted "Federal-type rules" only on July 1, 1957.

Turning to analogous Federal decisions, we find numerous cases directly in point.

For instance, in the case of Societe Internationale Pour Participations Industrielles et Commerciales, S. A., v. Rogers, Attorney General, Successor to the Alien Property Custodian, et al, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255, petitioner claimed it could not produce certain business records from petitioner's Swiss bank, since Swiss law prohibited such production. Accordingly, the United States District Court dismissed the complaint, even though it found Petitioner acted, and failed to act, in good faith.

Quite comparable to the situation of the appellants here, was that of the petitioner in this case cited, of whom the United States Supreme Court said:

" * * * petitioner's failure to satisfy fully the requirements of this production order was due to inability fostered neither by its own conduct nor by circumstances within its control." 357 U.S. p. 211, 78 S.Ct. p. 1095.

Later in the opinion the Court noted:

"* * * failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." 357 U.S. p. 212, 78 S.Ct. p. 1096.

Accordingly the action was remanded to the District Court for further proceedings.

In another case, Haskell v. Philadelphia Transportation Company (U.S.D.C.Penn.) cited in 19 F.R.D. 356, plaintiff stated she was unable to locate documents after diligent search, and would produce them immediately, if located, and in that situation, the United States District Court ordered plaintiff to file an affidavit that the documents were unavailable and would be produced immediately by her if located. Accordingly, motion to dismiss was denied.

In the instant case, it is patent and obvious from the affidavits of the appellants, that they did not have possession or control of the records in question. Apparently their good faith has never been questioned, and in fact the Report of Special Master dated January 3, 1964, states as follows:

"Margaret Erling signed a statement she had no knowledge as to the location of any of subject records.

"James Erling testified under oath that he had no knowledge of the location of any of subject records.

"R. W. Henderson advised by phone that he had no knowledge of the location of any of subject records. * * *"

In the deposition of appellant, James Erling, the Special Master devoted only the following few questions to the issue of the missing records:

"Q. Do you know disposition was made of any of the records of these Companies?

"A. No, I don't.

"Q. Has anyone ever told you of the place where these records were transferred to?

"A. It may be heresay (sic), but I couldn't take anything up.

"Q. What then was told to you so far as heresay (sic) was concerned?

"A. The last time I heard, I believe Dick Middaugh mentioned that the records were taken over to a meeting. I don't remember where the meeting was held and the last I seen of them, they were left on the table during noon hour.

"Q. Did you understand these were the corporate books of Stockmen's Reserve and Health Mutual?

"A. No, I didn't ask what records they were, I don't attend those meetings, so like I say, it would be just heresay (sic)."

The Special Master then turned to other inquiries.

■ We find it necessary to hold that the District Court erred in dismissing the complaint of the appealing plaintiffs here, and our reasons for so doing are best set forth in an article by Honorable Sterry R. Waterman, Associate Justice United States Court of Appeals, 2nd Circuit, found at 29 F.R.D. 420, quoting from pages 424–425 as follows:

"The sanctions of dismissal and of judgment by default are severe sanctions, and appellate judges believe they would be remiss in their duties if they chose only to rubber stamp such orders of lower courts. To be sure, these drastic sanctions are indeed provided for by the Rules, but I am certain that the draftsmen did not propose that they should be used liberally in order to eliminate the actual trial of cases.

I suggest that appellate judges believe that a district judge should approach with hesitation the use by him of dismissal sanctions. Where an alternative, less drastic, sanction would be just as effective it should be utilized."

Reversed and remanded for further proceedings.

TEIGEN, C. J., and KNUDSON, ERICKSTAD and STRUTZ, JJ., concur.

On Petition for Rehearing

MURRAY, Judge.

Plaintiffs and appellants have petitioned this court for rehearing only with respect to that part of the opinion in the above entitled action, wherein the court stated as follows (with respect to the order denying motion to vacate order appointing special master):

"Of the three orders above listed, the first we find it unnecessary to deal with."

The petitioning counsel is correct to the extent that this court should have included reasons for stating that it was unnecessary to deal with this point.

The order denying the motion to vacate order appointing special master need not be dealt with, for the specific reason that this is an interlocutory matter, does not dispose of the action on its merits, and, hence, is not appealable.

Counsel contends that there is finality to this order because the compensation of the master is in question. However, actually this question will not be dealt with finally until the district court below renders its final decision on the merits, in which case the compensation of the master would be a question to be raised, respecting the taxation of costs.

Although it is probably unnecessary to cite authority on the question of appealability of interlocutory orders, we cite the following: Swiggum v. Valley Inv. Co., 73 N.D. 422, 15 N.W.2d 862, motion denied 74 N.D. 156, 19 N.W.2d 857; Union Brokerage Co. v. Jensen, 74 N.D. 154, 20 N.W.2d 343.

Accordingly, petition for rehearing is denied.

TEIGEN, C. J., and STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.