**BISMARCK PUBLIC SCHOOL DISTRICT NO. 1, Plaintiff and Appellee,**

**v.**

**RITTERBUSH ASSOCIATES, P.C., John Larson Company, and Twin City Roofing and Material of Mandan, Inc., Defendants and Appellants.**

**and**

**RITTERBUSH ASSOCIATES, P.C., John Larson Company, and Twin City Roofing and Material of Mandan, Inc., Third-Party Plaintiffs and Appellants,**

**v.**

**GAF CORPORATION and W. R. Grace and Company, Third-Party Defendants and Appellees.**

**Civ. No. 10117.**

Supreme Court of North Dakota.

Dec. 22, 1981.

tem on the Century High School building in Bismarck. The complaint alleges that: Ritterbush Associates, the architect, was negligent in designing the roof structure and in designating the type of materials to be used; Twin City Roofing and Material of Mandan, subcontractor, was negligent in construction of the Century High School structure and in using the material designated by the architect; John Larson Company, general contractor, was negligent in not properly supervising the subcontractor in allowing improper construction and usage of improper materials; and the architect and contractors each "have asserted" express and implied warranties including fitness for purpose, but have breached them. The general contractor brought a third-party action against the A. F. Corporation and W. R. Grace & Company [suppliers] alleging that the materials used were of these companies and if the roof failed it was because of the material supplied, and demanded indemnity or in the alternative that the suppliers be required to contribute to John Larson in such amount and percentage as determined at trial. The architects cross-complained against John Larson.

At a pretrial conference, the court ordered that discovery proceedings may continue through December 1981 but thereafter any discovery would require a specific order of the court.

The school district then made a motion for summary judgment in its favor or in the alternative for an order requiring the defendants, third-party plaintiffs, and the third-party defendants to assume all costs of any additional discovery resulting from the third-party complaint.

The court denied the motion for summary judgment and on its own ordered the third-party action severed from the main action for trial. Twin City then moved for a separate trial, which was denied. The defendants Ritterbush, Larson, and Twin City jointly appealed from the order denying the motion for summary judgment,[1] and the

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for Bismarck Public School District No. 1, plaintiff and appellee; argued by David L. Peterson, Bismarck.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for Twin City Roofing and Material of Mandan, Inc., defendant and appellant; argued by Paul G. Kloster, Dickinson.

SAND, Justice.

Bismarck Public School District No. 1 [school district] made a motion in this Court to dismiss the appeal taken by Ritterbush Associates, P.C., John Larson Company of Bismarck, and Twin City Roofing and Material of Mandan [architect and contractors].

The school district commenced an action against the architect and contractors alleging that they were liable to the school district for damages resulting from the alleged negligent construction of the roofing sys-

---

1. We assume the appellant merely recited what was stated in the order of 21 Aug 1981 regarding the denial of the motion for summary judgment but did not intend to appeal from that order. The order was in appellants' favor and therefore there was no need to appeal. Fur-

order granting a severance and the denial of Twin City Roofing's motion for separate trial. The school district moved this Court to dismiss the appeals.

■ The right of appeal in this State is statutory. *Sheets v. Letnes, Marshall & Fiedler, Ltd.*, 311 N.W.2d 175 (N.D.1981); *City of Bismarck v. Walker*, 308 N.W.2d 359 (N.D.1981); *Skoog v. City of Grand Forks*, 301 N.W.2d 404 (N.D.1981).

The school district contends that the order granting severance and the order denying Twin City Roofing's motion for separate trial are interlocutory and are not appealable.

■ Interlocutory orders are appealable only if authorized by statute. *Spence v. North Dakota District Court*, 292 N.W.2d 53 (N.D.1980); and *Olson v. Nelson*, 222 N.W.2d 383 (N.D.1974).

We must determine if the instant appeal is authorized by statute.

The architect and contractors contend that the orders are appealable pursuant to subsection (1) or (5) of § 28–27–02, North Dakota Century Code, which provides as follows:

"The following orders when made by the court may be carried to the supreme court:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

"5. An order which involves the merits of an action or some part thereof;"

We will first consider the severance order. The school district contends that the order to sever the third-party action from the main action was issued by the court sua sponte and should be treated as a discretionary court-ordered severance pursuant to Rules 14, 20(b) and 42(b), North Dakota Rules of Civil Procedure.[2]

■ In *Schaff v. Kennelly*, 69 N.W.2d 777, 780 (N.D.1955), this Court said:

"... an order is not appealable under ... subdivision 5 ... [28–2702(5), NDRC 1943)] unless, in effect, it finally determines some positive legal right of appellant relating thereto. [Citations omitted.]"

An order that is not dispositive and does not involve the merits of the action is not appealable. *Northwest Airlines v. State, Through Board of Equalization*, 244 N.W.2d 708 (N.D.1976).

■ The North Dakota Supreme Court, in *Swiggum v. Valley Investment Co.*, 73 N.D. 422, 15 N.W.2d 862 (1944), in substance stated that the order granting severance is interlocutory and does not involve the merits of the action, nor does it pass upon the substantial legal rights relating to the cause of action or subject matter in controversy. The effect of the order relates to the mode of the trial. Instead of having the cases tried together, if at all, the order leaves them to be tried separately. Clearly, the merits of the actions are not involved. The rationale of the *Swiggum* case is fully applicable here.

Pursuant to the annotation in 77 A.L. R.3d 1082, state court orders granting or denying consolidation, severance, or sepa-

---

thermore, the appellants did not present any argument on this point. We therefore make no determination and devote no discussion on the motion denying the motion for summary judgment.

**2.** Rule 42(b), NDRCivP, provides:

"*Separate Trials.* The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or is-

sues, and may direct a final judgment in accordance with the provisions of Rule 54(b)."

Rule 20(b), NDRCivP, provides:

"*Separate Trials.* The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice, and may direct a final judgment upon a claim of or against one or more parties in accordance with the provisions of Rule 54(b)."

rate trials are generally interlocutory decisions and are not appealable. Such orders are not final and, therefore, are ordinarily not appealable.

Even if we were to assume arguendo that the orders are appealable, the appellant, to be successful, would have to establish abuse of discretion which, upon the limited record, appears highly improbable. We are aware this issue was not briefed or argued.

In *Schell v. Schumacher*, 298 N.W.2d 474 (N.D.1980), this court initially noted that an order separating a third-party claim from the main action is not included in the appealable orders under NDCC § 28–27–02. In fact, the appellant admitted that the separation order was not appealable. However, pursuant to Rule 35(a), North Dakota Rules of Appellate Procedure, an intermediate order or determination is reviewable on appeal of the basic judgment.

The *Schumacher* court then reviewed the order and, at page 477, said:

"The provisions of Rule 42(b), N.D.R. Civ.P., which provide for separation of third-party claims serve to prevent embarrassment, delay or expense. Rule 42(b) is a necessary corollary to the liberal rules providing for joinder of actions and assertion of counterclaims, cross-claims, and third-party claims. The matter of separating trials, or trials of various claims or issues, lies within the discretion of the trial judge [9 Wright, Federal Practice & Procedure, Civil §§ 2388, 2389; 5 Moore's Federal Practice, ¶ 42.03. *See also Davis v. Freels*, 583 F.2d 337, (7th Cir. 1978); *Boe v. National Farmers' Organization*, 277 N.W.2d 291 (N.D.1979); *Jensen v. Peterson*, 264 N.W.2d 139 (Minn.1978)] Thus the district court's order separating Schumacher's action against the third-party defendants from Schell's action against Schumacher is reversible error only if an abuse of discretion is shown. [*See Giese v. Engelhardt*, 175 N.W.2d 578 (N.D.1970).] Because in-

clusion of the action brought by Schumacher would involve delay of Schell's action and because the issues involved in Schumacher's action did not concern Schell, we conclude that the district court did not abuse its discretion by separating Schumacher's claim against the third-party defendants from the action brought by Schell against Schumacher."

This Court, in *Brauer v. James J. Igoe & Sons Construction, Inc.*, 186 N.W.2d 459 (N.D.1971), held that the granting of separate trials under Rule 20(b), NDRCivP, is discretionary with the court. It observed that following settlement no claim remained between the plaintiff and the defendant City and Igoe. These defendants retained an interest in the outcome of the lawsuit only because of the cross-complaint, and indemnity claims asserted against them by defendant MDU. Under these circumstances, the trial court did not abuse its discretion in ordering the severance in question. These facts are comparable to the situation in the instant case. No cause of action exists between the school district and GAF Corporation and W. R. Grace & Co. nor is there an action by GAF Corporation and W. R. Grace & Co. against the school district. Any cause of action that exists or remains is by way of indemnity through the third-party action. The architects and contractors are the third-party plaintiffs rather than the school district.

In the case of *Fidelity & Casualty Company of New York v. Jesse Long Mills*, 319 F.2d 63 (5th Cir. 1963), the Federal[3] court had under consideration the trial court's sua sponte order which separated issues. The court held that Rule 42(b) gives the trial court broad discretion to order a separate trial of any claim or third-party claim of any separate issue in order to further convenience or to avoid prejudice. The order of the trial court was affirmed on the basis that the trial court did not abuse its discretion.

---

**3.** North Dakota Rules 20(b) and 42(b), were adopted from the Federal Rules and consequently federal case law on the rule is entitled to considerable weight in applying the rule to

North Dakota cases. The same is true with reference to Wright & Miller and Moore on Federal Practice.

The trial court in the instant case obviously did not believe that the order was of a stature so as to finally dispose of any issue or particular right and made no Rule 54(b) statement so as to bring it within the appealability status.

The discussion and rationale relating to the severance order also apply to the order denying Twin City's, third-party defendant's, motion for a separate trial.

The issues raised in the third-party complaint and related pleadings have not been disposed of nor have they been decided by the severance order of the court. If the issues are legally pertinent they remain and may be tried after the principal case has been tried. If comparative negligence becomes a factor, the procedure discussed in *Bartels v. City of Williston*, 276 N.W.2d 113 (N.D.1979) may be employed. The orders in question are interlocutory in nature and are not appealable under the provisions of NDCC § 28–27–02.

For the reasons stated above, the motion for dismissal is granted.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.