CHARLES F. ELLIS, Respondent, v. C. L. GEORGE, Doing Business under the Firm Name and Style of Pacific Silk Company, and George V. Cunningham, Appellants.

(175 N. W. 623.)

**Appeal and error.**

In an action to secure specific performance of a contract to sell real property and to determine adverse claims, where the vendor failed to appear and another defendant answered setting forth claims resting upon an alleged prior contract, and where a judgment was entered quieting title in the answering defendant, but later modified by requiring the purchase money on deposit to be turned over to the plaintiff as the successor in interest to the former owner, which order of modification was appealed from, it is *held:*

1. That in so far as the order appealed from amounts to an order for judgment it is not appealable.

**Appeal and error — order vacating judgment may be appealed from.**

2. That in so far as the order vacates the judgment previously entered it is appealable under § 7841, Compiled Laws of 1913.

**Appeal and error — party whose rights have not been disturbed cannot complain of order which does not affect his rights.**

3. The order appealed from modifies the original judgment only to the extent of protecting the plaintiffs as successors in interest to the defaulting defendant, and does not disturb the merits of the judgment in favor of the answering defendant; the latter, therefore, is in no position to complain of the order.

Opinion filed November 1, 1919.

Appeal from the District Court of Morton County, *Nuessle,* Special Judge.

Order affirmed.

Statement of the facts by Birdzell, J. This is an appeal from an order vacating a judgment and modifying findings of fact and conclusions of law in an action for specific performance of an alleged contract to sell real property and to determine adverse claims thereto. One Mary C. Phelps, prior to June, 1914, was the record owner of lot 12, block 10, in the city of Mandan. She became indebted to a concern doing business as the Pacific Silk Company in Spokane, Washington, and deeded the property in question to such creditor; obtaining at the same time a reconveyance. The deed to the Pacific Silk Company, of which the defendant C. L. George was manager, was recorded. The deed from the Pacific Silk Company back to Mrs. Phelps was not recorded. It seems that while the title stood of record in the name of the Pacific Silk Company, Ellis, the plaintiff in this case, conducted some negotiations by correspondence with the Silk Company or George and an attorney representing the ostensible owner looking toward the purchase of the property. Mrs. Phelps did not participate directly in these negotiations, but as they neared completion, in December, 1916, she came to Bismarck and negotiated a sale of the premises to the defendant Cunningham, for $1,350. He had no notice of Ellis's negotiations or contract, if there was one. A deed which ran from the Pacific Silk Company to Cunningham was executed by Mrs. Phelps as attorney in fact, she having a power of attorney as well, as a reconveyance of the property from the Pacific Silk Company. Cunningham claims that another deed to him was taken at the same time from Mrs. Phelps as grantor. But this deed was never recorded or brought to the notice of Ellis. Cunningham either intrusted her with the deed from the company to him for the purpose of having her record it, or she undertook to record it as one of the conditions in the contract. It seems that the taxes had not been paid, and that when Mrs. Phelps went to Mandan for the purpose of recording the deed it could not be recorded because of this fact. She, however, filed the power of attorney. At this stage of the transaction Mrs. Phelps, on the afternoon of December.19, 1916, called on Ellis, the plaintiff. She knew that Ellis had been

negotiating with the record owner, and, whether or not she called upon him for the purpose of getting him to pay a higher price than Cunningham had agreed to pay, it nevertheless appears that, during the conversation between Ellis and Mrs. Phelps, Ellis obtained some knowledge of the Cunningham deal. Immediately thereafter he instituted this suit to enforce specific performance of an alleged contract based upon his prior negotiations with George, and filed a *lis pendens.* Of this Mrs. Phelps obtained notice next morning when she went to the office of the register of deeds to record the deed. She at once desired to remove the *lis pendens,* as it constituted an obstacle to the completion of the Cunningham transaction. Upon failing in her efforts in this respect, she called upon the plaintiff's attorney at his office and inquired as to how soon she could get the money for the lot if she should sell it to Ellis. Upon this occasion she represented that Cunningham might be satisfied to withdraw from the deal if he were reimbursed for the money which Mrs. Phelps had used to pay taxes. This money she had drawn from the purchase price deposit that had been placed in the City National Bank of Bismarck pending the clearing of the title. She was informed that the money would be forthcoming at once, and immediately arrangements were made whereby the property was conveyed to Ellis for an agreed consideration of $1,500, and Cunningham was to be reimbursed. The plaintiff's attorney advanced $133 by check to Mrs. Phelps to enable her to take up the Cunningham deed, which in the meantime had been recorded and returned to the City National Bank. This check was taken to the bank and attached to Cunningham's purchase price check, and the Cunningham deed redelivered to Mrs. Phelps, who retained possession of it until the trial of this action. In pursuance of the arrangement made upon this same occasion plaintiff's attorney also advanced the remainder of the purchase price by sending his check for $1,000 to the Pacific Silk Company and by providing money with which to satisfy some small liens and an attachment. Mrs. Phelps executed a deed to Ellis under her power of attorney, and gave him an order on Cunningham's attorney, who is counsel for appellant in this case, for the abstract of title. Upon presenting the order for the abstract, plaintiff's attorney ascertained that Cunningham refused to relinquish his claim, and he was thereupon made a party defendant in this action. Upon the trial Cunningham

was the only party defendant who was represented, George having defaulted.

At the conclusion of the trial findings of fact and conclusions of law were made and judgment entered adjudging Cunningham to be the owner in fee simple, having purchased the property in good faith and without notice of any claim by the plaintiff, and further adjudging the plaintiff to have no interest in the property. Notice of the entry of judgment was served October 8, 1917, and early in January, 1918, the plaintiff moved to vacate the judgment and to amend and correct the findings of fact, conclusions of law, and order for judgment. At the hearing upon this motion the defendant appeared, specially objecting to the jurisdiction of the court and to the proposed amendments. The objections were overruled, and the findings, conclusions, and order for judgment were amended, and from this order the appeal is taken. So far as material, the amended findings are to the effect that Ellis, in consideration of the conveyance to him, has paid in all $1,503, this being $3 in excess of the amount he agreed to pay for the property; $1,000 representing a cash payment to C. L. George, $55 a cash payment to Mary C. Phelps, $98 in payment of two judgments, $217 being deposited in a bank at Mandan to secure the release of an attachment, and $133 in the bank at Bismarck as a refund of taxes paid. That Cunningham had deposited in the City National Bank of Bismarck $1,350, as purchase price, with instructions to hold the same until the title should be perfected. That George, by conveying the premises to the plaintiff, had disentitled himself to any portion of the consideration from Cunningham. That Ellis is entitled to have returned to him the consideration he has paid not to exceed $1,350 which Cunningham agreed to pay, and that, as a condition of the entry of a judgment quieting the title in Cunningham, he should be required to pay to Ellis "the consideration agreed to be paid by him to said George, or to the Pacific Silk Company, or such part thereof as remains unpaid and in the City National Bank of Bismarck." And it was further ordered that when the directions contained in the order for judgment as amended were carried out a new judgment should be entered in favor of Cunningham as against all the other parties to the action.

*Theodore Koffel,* for appellant.

The term of the court in which the judgment had been rendered had

expired, and therefore the same had become final, and the court could not vacate or amend it. Comp. Laws 1913, § 7354; Teller v. Wetherell, 6 Mich. 49; Marine Ins. Co. v. Hodgson, 7 Cranch, 332; Bronson v. Schulten, 104 U. S. 410; Freeman, Judgm. §§ 94, 95.

There was no proof that the Pacific Silk Company was a corporation or an association, and no proof was offered that the summons in the present action had been served upon either of the defendants, C. L. George or the Pacific Silk Company. Keenan v. Daniels, 18 S. D. 102, 99 N. W. 853; Ryan v. Simpson, 28 S. D. 157, 132 N. W. 691; Robert v. Enderlin Invest. Co. 21 N. D. 594, 19 L.R.A. 817, 132 N. W. 145.

The plaintiff cannot recover, having failed to establish the contract alleged and set out in his complaint. Ross v. Ross, 127 N. W. 1035.

The plaintiff, having failed to establish his contract, was not entitled to any decree of the court, and specific performance is not a matter of right, but in the sound discretion of the court, and the court will refuse it and turn the party over to his remedy at law if not satisfied that it embodies the real understanding of the parties even where a binding contract is proven. Hathbone v. Groh, 100 N. W. 588; Cathro v. Gray, 66 N. W. 346; Hambleton v. Jameson, 143 N. W. 1010; Gummett v. Gintross, 43 N. W. 999; Hartman v. Streitz, 23 N. W. 505; Smith v. Bingham, 28 L.R.A.(N.S.) 522 and note; Horgan v. Russell, 43 L.R.A.(N.S.) 1150 and note, 140 N. W. 99; 29 Am. & Eng. Enc. Law, 2d 593.

*W. H. Stutsman,* for the respondent.

Third parties, having no interest therein, cannot collaterally attack a contract after its performance by the parties thereto, on the ground that it violated the Statute of Frauds. Lavender v. Hall, 60 Ala. 214; Chaffee v. Benoit, 60 Miss. 34.

A parol sale of land is only voidable by the parties to it. A stranger cannot interpose between them and avoid it, against their consent, merely because it is not written. Crawford v. Woods, 69 Ky. 200.

A vendor may, by pleading the Statute of Frauds, avoid a parol sale of land, or waive it and consummate his contract, and cannot be deprived of his right to do so by a stranger. Clary v. Marshall, 44 Ky. 266.

Where a verbal lease for ten years is made, and the lessor subsequently makes a written lease to a third party of the same property, the second lessee cannot recover the premises from the first lessee in forcible detainer proceedings, on the ground that the first lessee was within the Statute of Frauds, since the statute is for the benefit of the parties to a contract, and a third party cannot set it up for the benefit of one of such parties if he chooses to perform the contract. Best v. Davis, 44 Ill. App. 624.

Second. Even if Cunningham had a right to object to Ellis's contract, because within the Statute of Frauds, he has not done so. The Statute of Frauds is not available as a defense unless pleaded. Benjamin v. Matter, 3 Colo. App. 227, 32 Pac. 837; J. A. & M. Canal Co. v. Calhoun, 2 Ill. 521; Kinzie v. Penrose, 3 Ill. 515.

The defense of the Statute of Frauds must be raised by demurrer, plea, or answer, to be available at the hearing of a suit to specifically enforce a parol agreement to convey land. Douglas v. Snow, 17 Mo. 91; Guynu v. McCauley, 32 Ark. 97; Augee v. Simpson, 88 Ala. 53; Tarleton v. Vietes, 6 Ill. 470.

If the deed be found in the hands of the grantor, the presumption arises that no delivery has been made. Hatch v. Haskins, 17 Mo. 351.

The possession of a deed by the grantor, after an alleged delivery of it, may be a very strong circumstance to show that the delivery was not absolute. Withelle v. Bryan, 3 Ohio St. 377; Barr v. Schroeder, 32 Colo. 809.

As to two purchasers without fraud for a valuable consideration, the rule of *"qui prior est tempore, potior est in jure"* applies, and the first in time must prevail. Davall v. Guthrie, 6 Ky. 532.

Although one may purchase land without notice of the equity of others, yet if he takes the deed as a volunteer, or had not paid the purchase money, he is not an innocent purchaser for value, and cannot be protected. Rentenab v. Wilbur, 84 Ill. 297.

A purchaser, to establish that he acted bona fide, must show a consideration actually paid by him. Keys v. Text, 33 Ill. 316; Patten v. Moore, 32 N. H. 382; Doswell v. Buchanan, 3 Leigh, 365, 23 Am. Dec. 280.

BIRDZELL, J. The defendant Cunningham alone appeals from the

order above referred to, and has made certain specifications of error. The respondent, however, who has not procured the entry of any new judgment and has taken no appeal, suggests to this court a doubt as to whether the order is appealable; but he asks that the case be reviewed and thus obviate the necessity of a second review upon a subsequent appeal from the judgment by the plaintiff. For this reason no objection is made that the order is not appealable. We know of no procedure according to which this court can try a case *de novo* where there is no appeal from the judgment. Section 7846, Compiled Laws of 1913, provides for a trial *de novo* only where there is an appeal from a judgment in the action.

It has long been the settled law of this jurisdiction that a mere order for judgment is not appealable. Persons v. Simons, 1 N. D. 243, 46 N. W. 969; Re Eaton, 7 N. D. 273, 74 N. W. 870. It is not such an order as to both determine the action in effect and to prevent a judgment from which an appeal might be taken, within subdivision 1 of § 7841, Compiled Laws of 1913. In fact, it is but preliminary to the entry of a judgment from which an appeal might be taken. Thus, in so far as the order amounts to an order for judgment, it is not appealable and an appeal from it does not properly bring to this court any matter for review. If the order appealed from amounted to no more than an order for judgment, it would be the duty of this court to decline to consider the appeal even though the respondent should not raise the objection. There would be an absence of jurisdiction to affect the judgment below. See Turner v. Crumpton, 25 N. D. 134, 141 N. W. 209, and cases cited.

The order, however, is more than an order for judgment. It vacates the judgment previously entered as well as fixes the terms of the new judgment to be entered. In so far as the order appealed from vacates the judgment it is clearly appealable. Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201. It is entered pursuant to summary application, and affects the substantial right in an action after judgment within subdivision 2 of § 7841, which specifies the orders reviewable. But being without power or authority to try this case *de novo,* and having no jurisdiction over any judgment previously entered in the district court, this court cannot, on this appeal, direct the entry of any judgment affecting the merits, for the review is necessarily limited to that

portion of the order which vacates the judgment. However, since counsel for the respondent has specifically requested the court to examine the merits of the case, and inasmuch as the consideration of the appeal from that portion of the order which is appealable has necessitated a careful perusal of the record, we feel warranted in saying that the judgment, as modified, gives to the respondent all that he is entitled to receive. It seems to be clear that Cunningham purchased without notice of Ellis's transaction, and that Ellis never, in fact, closed his deal until he knew of Cunningham's purchase.

The appellant has attacked the order appealed from both upon the ground that the court lacked jurisdiction to enter it and upon the further ground that the evidence does not support the modifications made in the findings and conclusions. It will be noted, however, that the modifications in no way affect the substantial rights of Cunningham, the appellant. They only substitute Ellis for George or the Pacific Silk Company as the recipient of the purchase price which Cunningham agreed to pay and which was deposited in the bank to be turned over on completion of the title. The record fails to show wherein Cunningham is in any way prejudiced by the modification designed only to protect the right of Ellis as against the former owners of the property. Clearly they have not the right to be paid twice over for this property,—once by Ellis and then again by Cunningham,—and the fact that no one appeals from the order on behalf of the former owner or owners is a concession by them that the order is just. At any rate, so far as Cunningham is concerned, the modification does not affect the merits of the judgment, as he is given every right that was secured to him by the original judgment. It only affects the method of carrying out that judgment. See Tyler v. Shea, 4 N. D. 377, 50 Am. St. Rep. 660, 61 N. W. 468; Barnes v. Hulet, 29 N. D. 136, 150 N. W. 562. Being of the opinion that under the facts disclosed by this record the appellant is not adversely affected by the order, is is unnecessary to consider the objections urged. The order appealed from is affirmed.