OLE OLNESS, Appellant, v. JAMES J. DUFFY and Percy D. Gage, Respondents.

(193 N. W. 113.)[1]

**Appeal and error — order for judgment not appealable.**

An order for judgment is not appealable under Comp. Laws 1913, § 7841; appeal dismissed on the authority of Malherek v. Fargo, ante, 123, and other cases therein cited.

Opinion filed June 11, 1923.

Appeal and Error, 3 C. J. § 460 p. 611 n. 18.

Appeal from the District Court of McLean County, *Jansonius*, J. Dismissed.

*B. A. Dickinson,* for appellant.

"The lien of an attachment on personal property of a bankrupt is not destroyed by a mere discharge of the debt secured by the lien, through a discharge under the present national bankruptcy act; and unless such lien is one which is itself declared void by said act it may be enforced through a modified form of judgment, as against the property against which the lien exists." Powers Dry Good Co. v. Nels Nelson, 10 N. D. 380.

"A discharge in bankruptcy leaves intact all liens except those specially stricken down by the bankruptcy act, the effect of a discharge being to release the personal liability only. Such discharge does not effect vested liens upon property acquired more than four months prior

to the proceedings in bankruptcy and the same may be enforced after a discharge is granted." John Leslie Paper Co. v. Wheeler, 23 N. D. 477; 3 R. C. L. 142; 7 C. J. 410; 42 L.R.A.(N.S.) 292.

"The rule that a mortgagor cannot set up an after-acquired title as against his mortgagee is not affected by the fact that he was declared a bankrupt before his acquisition of the outstanding title and has been discharged. This is true even though he acquires the outstanding title with money earned since his discharge. The covenants in his mortgage are not discharged by bankruptcy." L.R.A.1918B, 768; citing 10 Ala. 504; 21 N. D. 483.

"The discharge does not affect a mortgage previously made by the bankrupt for a valuable consideration on a contin ʿnt interest which subsequently vests." Olephant v. Eckerly, 36 Ark. 69, cited 7 C. J. 411.

"Where a mortgagor after his bankruptcy acquires a different title to the property, the bankruptcy proceedings did not prevent the newly acquired title from being considered as if it had been vested in the mortgagor at the time that the mortgage was executed." 76 Ind. 499, cited in 7 C. J. 411.

"A discharge in bankruptcy of one who has assigned his expectancy in an estate to secure a loan does not destroy the lien which equity imposes upon the property although the legal obligation to pay the debt is terminated." Bridge v. Kedon, 163 Cal. 493, 126 Pac. 149, 43 L.R.A.(N.S.) 404.

"Most of the cases that have passed under the effect of a discharge in bankruptcy upon an assignment of wages to be earned in the future under an existing contract terminable at will are cited in Citizens Loan Asso. v. Boston & M. R. Co.; and, as shown therein, there is a decided difference of opinion upon the question." Note in 14 L.R.A.(N.S.) 1025.

1. "An assignor's discharge in bankruptcy will not affect the right of a creditor who has not proved his claim to enforce a valid assignment of future wages under an existing employment, given without fraud, to secure a valid subsisting debt."

2. "An assignment of future wages under an existing employment is a lien, within the meaning of a bankruptcy statute preserving liens given in good faith and for a present consideration from the operation

of the act." Citizens Loan Asso. v. Boston & M. R. Co. 14 L.R.A. (N.S.) 1025.

"We have considered the contrary authorities of Re West (D. C.) 128 Fed. 205; Re Home Discount Co. (D. C.) 147 Fed. 538, and Leitch v. Northern P. R. Co. 95 Minn. 35, 103 N. W. 704, with the deference to which they are entitled. They proceed upon considerations as to the effect of an assignment of wages and the rights vesting thereunder in the assignee as well as public policy pointed out in the latter case, which are inconsistent with what we conceive to be sound reasoning, and opposed to the numerous decisions of this court cited concerning rights acquired under assignments of wages. In the absence of a decision to the same effect by the Supreme Court of the United States, we cannot accede to them as authoritative." 14 L.R.A.(N.S.) 1028; Mallin v. Wenham, 209 Ill. 252, 65 L.R.A. 602; Gregg v. Semford, 24 Ill. 17, 76 Am. Dec. 719; Edwards v. Peterson, 80 Me. 367.

"It is scarcely necessary to say that, if such an equitable charge in rem can be enforced against the assignor in bankruptcy, it must necessarily be enforceable against the bankrupt himself after his discharge, and especially in cases where the property which is subject to the charge did not get into the possession of the assignee, because at that time it had not been acquired by the bankrupt." Bridge v. Kedon, 43 L.R.A. (N.S.) 404.

*E. T. Burke,* for respondent.

"It is one of the primary canons of construction that all statutes shall receive reasonable interpretation, if the meaning of the statute is at all doubtful." 3 R. C. L. 117, 215, 236, ¶¶ 14, 51, 66.

"And in a majority of cases the mortgage contained covenants, and it was held, where a mortgage of land to which the mortgagor has no title or an imperfect title thus contains covenants, a title subsequently acquired by the mortgagor inures to the benefit of the mortgagee. The mortgagor is estopped by the covenants contained in the mortgage to assert a title as against the mortgagee or those claiming under him." L.R.A.1918B, 760, note b.

"Under these circumstances the debt of the husband was extinguished by his discharge in bankruptcy and thereupon her mortgage which was but a security for that debt disappeared with it and could not attach to these lands upon his subsequently purchasing them; and the

appellees claiming as his creditors under the mortgage from him to them were entitled to set up his discharge of bankruptcy against any lien claimed by her on the lands."

. PER CURIAM. The notice of appeal in the instant case is to the effect that the plaintiff appeals from a part of an order made which orders that the defendants are entitled to the possession of the wheat described in the proceedings and which concludes with the statement "Let judgment be entered accordingly." The appeal is clearly from a part of the order for judgment. Under the statute and under numerous decisions of this court, such an order is not appealable. Comp. Laws 1913, § 7841; Malherek v. Fargo, ante, 123; 190 N. W. 176; Dibble v. Hanson, 17 N. D. 21, 114 N. W. 371, 16 Ann. Cas. 1210; Lough v. White, 13 N. D. 387, 100 N. W. 1084; Weber Case, 4 N. D. 119, 28 L.R.A. 621, 59 N. W. 523; Field v. Great Western Elevator Co. 5 N. D. 400, 67 N. W. 147. There being nothing before this court for review, it follows that the appeal must be dismissed. It is so ordered.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, and JOHNSON, JJ., and KNEESHAW, Dist. J., concur.

NUESSLE, J., not participating, District Judge W. J. KNEESHAW, sitting in his stead.