[File No. 7226]

PAUL E. SMITH, Appellant, v. CITY OF LaMOURE, a Public Corporation, C. J. Robideau, as Mayor of the City of LaMoure, Fred Rickford, E. M. Jorve, Peter Albertson, Harold B. Hoffman, G. W. Smith and Wm. P. Welander, as members of the City Commission of the City of LaMoure, and J. L. Gyldenvand, as City Auditor of the City of LaMoure, Respondents.

(44 NW2d 789)

Opinion filed November 27, 1950

*T. W. Lynch* and *Sinness & Duffy,* for appellant.

*F. J. Graham* and *Roy A. Holand,* for respondents.

CHRISTIANSON, J. The plaintiff brought this mandamus proceeding in the District Court of LaMoure County to compel the city council of the City of LaMoure to grant his application for a license for on and off sale of beer and hard liquor within said city. After full hearing the trial court denied the application for a writ of mandamus and ordered dismissal of the proceedings. Judgment was entered accordingly and the plaintiff has appealed to this court from the judgment so entered.

The laws of this State provide that any person engaging in the retail sale of liquor first must procure a license from the governing body of the city or village wherein the said business is conducted and that the fee for such license shall not be less than $200 or more than $2000 to be determined by the governing body of such city or village. 1949 Supplement NDRC 1943, 5–0303. Such laws further provide that the governing body of any city, village or county may revoke any such license for cause and may regulate the retail sale of liquor within its jurisdiction subject to review by the courts of the State. NDRC 1943, 5–0320.

In his petition the plaintiff alleges that he is a citizen of the United States and a resident of the State of North Dakota and for many years last past has been duly licensed by the Federal Government as well as by the State of North Dakota and the City of LaMoure to engage in the retail sale of intoxicating liquors; that he has invested some $40,000 in his established business. He also alleges that the defendants are respectively the qualified and acting mayor, the members of the city council, and the city auditor of the City of LaMoure and that he presented to such officers and filed with the City Auditor an application for the renewal of his license for on and off sale of beer and hard liquors, and that with such application he presented the amount of the annual license fee; that the city council on December 5, 1949, adopted a resolution that the plaintiff's application for license be accepted only to March 1, 1950, and that the application of the LaMoure Improvement Association for an on and off sale license for the retail sale of liquors was accepted, to be effective on March 1, 1950, and for the remainder of the year 1950; that one Elmer Witt heretofore maintained a retail liquor store in said City of LaMoure duly licensed and that upon his decease during the year 1949 Hildegaard Witt, the executrix of his estate, continued to conduct such liquor business upon an approved transfer of license; that Hildegaard Witt as executrix as aforesaid made similar application for the renewal of her liquor license and with such application presented the required fee; that the said city council approved the application of said Hildegaard Witt as such executrix to March 1, 1950;

that the action of the city council in approving the plaintiff's application to March 1, 1950, instead of for the entire year 1950, was illegal and without authority of law; that the action of the city council in determining that the licenses of the plaintiff and Hildegaard Witt, Executrix as aforesaid, issue for only a portion of the year, and the license after March 1, 1950, issue to the LaMoure Improvement Association, was without authority of law and was the result of a corrupt agreement between the members of the city council and the said LaMoure Improvement Association whereby the right to a liquor license within the said city was, in effect, placed upon the auction block and whereby the LaMoure Improvement Association agreed with the city council that in addition to paying the license fees required by ordinance it would furnish the city large sums of money; that said city council refused the plaintiff and Hildegaard Witt, Executrix, a license for the whole year of 1950 not because of any lack of qualifications but solely for the purpose of carrying out a corrupt agreement with the LaMoure Improvement Association; that such corrupt agreement is not in writing and is wholly unenforcible, and that the City of LaMoure may lose money by reason of issuing one liquor license rather than two; that the refusal of the officers of the City of LaMoure to issue to the plaintiff a liquor license for the year 1950 caused the plaintiff irreparable damage, will deprive him of his business which he has built up over a period of years, and constitutes the taking of private property without compensation and without due process of law and therefore violates the Constitution of the United States and the State of North Dakota; that the action of the city council in refusing to issue the plaintiff a liquor license was entirely arbitrary.

The defendants moved to quash the alternative writ upon the grounds that under the law the plaintiff had a right to review the action of the city council by action in court, and that the application for a liquor license invoked the discretion of the council and that the council exercised discretionary powers in determining whether the license should or should not be refused and that this determination is not subject to control by manda-

mus. The trial court reserved decision on the motion to quash. The defendants then interposed a general demurrer to the petition. The trial court took this under advisement and deferred a ruling.

The trial court proceeded to try the issues framed by the petition and the return thereto upon the merits while reserving rulings upon the motion to quash and upon the demurrer, and thus had before him the entire controversy and all the aspects thereof. Witnesses were sworn and evidence was introduced.

The City of LaMoure is a municipal corporation with a population of about 1200 people. The city has adopted a comprehensive ordinance pertaining to the retail sale of liquors. The evidence shows that at a meeting of the city council duly held on December 13, 1949, an ordinance amending the ordinance of the city pertaining to the sale of intoxicating liquors was given its first reading. The ordinance introduced and given its first reading on December 13, 1949, provided:

"Licenses for the sale of intoxicating liquor at retail as provided in this ordinance shall be issued in one license, which shall include both on-sale and off-sale privileges and shall be so stated in said license. The license fee for such license to include both on-sale and off-sale privileges shall be in the sum of $2000 per year, payable in advance and at the time of making the application for the license as hereinafter set forth. Unless otherwise stated, the period for which a license is issued shall be for a year, commencing on January 1, but the Council shall have authority to issue a license for any portion of a year. In the event that a license is granted for only a portion of a year the license fee charged shall be pro-rated accordingly."

On December 22, 1949, such ordinance was given its second reading and duly passed.

For several years the city council of the City of LaMoure had issued two liquor licenses, one to Elmer Witt and one to the plaintiff. In the fall of 1949 the citizens of the City of LaMoure requested the city council to take a poll by means of an informal election in the city for the purpose of obtaining an expression of opinion of the people of the City of LaMoure upon the propo-

sition of the desirability of issuing one license for the retail sale of liquors and that such license be issued to a non-profit corporation. Accordingly what has been denominated a "straw vote" was taken which resulted in a small majority in favor of one liquor store with license issued to a non-profit corporation. In December 1949 four applications for liquor licenses were made to the city council, one by plaintiff; one by Hildegaard Witt, Executrix of the Estate of Elmer Witt; one by Richard Witt; and one by the LaMoure Improvement Association, a non-profit corporation. The evidence shows that these applications were considered and opportunity afforded to all applicants to be heard and that on December 29, 1949, the city council considered and reviewed each and all of the four applications for liquor licenses that had been presented to it including the application of the plaintiff and that after due consideration the city council by resolution decided to issue a license to the plaintiff for the period from January 1, 1950, to March 1, 1950, authorized the issuance of a license for the same period to Hildegaard Witt, Executrix, and authorized the issuance of a similar license to the LaMoure Improvement Association for the period from March 1, 1950, for the balance of the calendar year 1950. That in the issuance of such licenses the city council prorated the fee as provided by the ordinance; that thereafter the plaintiff withdrew the deposit which he had made with his application for a license issued on a twelve months basis and paid to the city one-sixth of $2000 as the license fee to March 1, 1950, and received his license for such period. That the plaintiff continued to conduct his retail liquor store under such license and was so conducting it at the time of the hearing and trial of this proceeding in the district court.

The members of the city council were called as witnesses and testified. They denied that there was any agreement between the members of the council and the LaMoure Improvement Association for the payment by said corporation of any sums of money for the license other than the license fee as provided by the ordinance. The members of the city council testified without contradiction that, after hearing afforded to the applicants, the application of the plaintiff and the other applicants for liquor

licenses which had been filed were considered and reviewed and that they decided that it would be for the best interests of the city and for the welfare, health, and morals of the inhabitants to have but one liquor store as it could be better policed and regulated. The members further testified that they considered the reputation and qualifications of the officers of the LaMoure Improvement Association and from the standpoint of the welfare of the City of LaMoure and its inhabitants they thought it best to place the license for the sale of intoxicating liquors in the hands of such non-profit corporation feeling that such corporation would be more likely to respect the terms of the city ordinance especially the matter of the sale to minors and to persons who were under the influence of intoxicating liquors. No evidence was offered with respect to the qualifications of the plaintiff but it was admitted by the pleadings that he had the legal qualifications to apply for a license for the retail sale of intoxicating liquors. There was no claim that he had been guilty of any illegal or wrongful conduct or that he had conducted his business otherwise than conformable to the law and it is admitted that he has made substantial investment in his building and liquor stock and that he has conducted his business in the city continuously for some seven years.

The trial court rendered its final decision and made findings of fact, conclusions of law, and order for judgment. In such final decision it denied the motion to quash the alternative writ, overruled the general demurrer to the petition, and made findings of fact favorable to the defendants and ordered judgment in their favor for a dismissal of the proceeding.

In its findings of fact the trial court found that "there was no corrupt agreement of any kind between the members of the City Council and the LaMoure Improvement Association, whereby the right to a liquor license within the City of LaMoure was in effect placed upon the auction block and that the LaMoure Improvement Association made no promises to the City Council that in addition to paying the regular license fee fixed by the ordinance it would pay to or for the benefit of the City of La-Moure, large sums in excess of the regular license fees." That

in granting a license only to the LaMoure Improvement Association, covering the period from March 1, 1950, to January 1, 1951 the governing board of the city was acting within its discretion and "that all of those making applications for a license were given a full, complete, and fair opportunity to be heard. And that the City Council, in its discretion, decided that it would be for the best interests and welfare, the health and morals of the City of LaMoure to have but one liquor store as it could be better policed and regulated."

The findings of fact and order for judgment were filed in the office of the clerk of the district court on March 27, 1950. Judgment was entered on that same day pursuant to the findings of fact and order for judgment for a dismissal of plaintiff's petition in the above entitled proceeding and notice of the entry of judgment and the findings of fact, conclusions of law and order for judgment were duly served upon the attorneys of record for the plaintiff on that same day. The plaintiff thereafter duly took and perfected an appeal from the judgment by service of notice of appeal and undertaking on appeal upon attorneys for the defendant on June 10, 1950, and by filing the same in the office of the Clerk of the District Court of LaMoure County on June 14, 1950.

Defendants have moved to dismiss the appeal on the ground that the appeal was not taken in time. Defendants contend that the order of the court was a final order affecting a substantial right made in a special proceeding and consequently that the time for appeal expired sixty days after written notice of such order had been given to the party appealing, NDRC 1943, 28–2702, 28–2704, and that the appeal here was not taken within sixty days after the service of written notice of the entry of such order.

The motion to dismiss the appeal is not well founded and must be denied. The plaintiff did not appeal or attempt to appeal from the order for judgment; he appealed from the judgment. It is the settled law in this state that an appeal does not lie from an order for judgment. In re Weber, 4 ND 119, 59 NW 523; Dibble v. Hanson, 17 ND 21, 114 NW 371; Malherek v. City of

Fargo, 49 ND 123, 190 NW 176; Olness v. Duffy, 49 ND 933, 194 NW 113. And it is the established practice in this state that proceedings in mandamus are to be conducted as nearly as practicable in accordance with the procedure in an ordinary civil action. State ex rel Burke County Farmers Press v. Magedanz et al, 64 ND 55, 250 NW 336; Oliver v. Wilson, 8 ND 590, 80 NW 757. See also Hardy v. Purington, 6 SD 382, 61 NW 158; State ex rel McGregor v. Young, 6 SD 406, 61 NW 165.

It was alleged in plaintiff's petition that the action of the defendants in refusing a license to the plaintiff for the entire year 1950 was arbitrary and capricious, without authority of law, and was the result of a corrupt agreement between the members of the city council and the LaMoure Improvement Association. It was the further contention of the plaintiff that the city council was without authority to issue a license for less than one year and that inasmuch as the council determined that a license should be issued to the plaintiff it followed that he was entitled to a license for the period of one year and that it was the plain duty of the defendants to issue a license for such period. It was the further contention of the plaintiff that he having properly conducted his business for a number of years under licenses issued by the city and being engaged in such business at the time his application for license for 1950 was made he was entitled to a renewal of a license for the year 1950 and that the refusal and failure of the members of the city council to grant his application and renew his license for the year 1950 was wholly arbitrary and capricious.

As has been shown the trial court conducted a trial and heard evidence bearing on the contentions thus made. From the evidence submitted the trial court concluded that no corrupt agreement had been made and that in granting a license to the LaMoure Improvement Association from March 1, 1950, to January 1, 1951, the members of the city council were acting within their discretion and in accordance with what they decided would be for the best interests, welfare, health, and morals of the city, and that all persons making applications for liquor licenses

were given a full, complete and fair opportunity to be heard. With these findings of the trial court we agree.

The Liquor Control Act of this state provides:

"Liquor may be imported, transported, handled, possessed, purchased, and sold in the State of North Dakota only in accordance with the provisions of this chapter." NDRC 1943, 5-0301.

"Any person having a legal and bona fide residence in, and being a citizen of, this state may engage in the wholesale or retail sale of liquor in the manner and pursuant to the regulations and restrictions contained in this chapter. No person shall hold a wholesale and retail license at the same time." NDRC 1943, 5-0302.

"Any person engaging in the retail sale of liquor first must procure a license from the governing body of the city or village wherein the said business is to be conducted. The fee for such license shall not be less than two hundred dollars nor more than two thousand dollars, to be determined by the governing body of such city or village. . . . The license fees shall be the same to each individual within each of the said political subdivisions respectively, and a license shall not be transferable, except to the executors or administrators of a deceased license holder. Such retail license shall not permit the sale at any time to any person of an amount greater than five wine gallons." NDRC 1943, 5-0303, as amended by SL 1947; 1949 Supp NDRC 1943, 5-0303.

"The governing body of any city, village, or county may revoke licenses for cause and may regulate the retail sale of liquor within its jurisdiction, subject to review by the courts of the state." NDRC 1943, 5-0320.

The Liquor Control Act of this state was first enacted pursuant to initiative petition at an election held in November 1936. It has been retained without any material change so far as the provisions involved in this proceeding are concerned and such law was embodied in the Revised Codes of North Dakota 1943, Chapter 5-03. In Thielen v. Kostelecky, 69 ND 410, 287 NW 513, 124 ALR 820, this court had occasion to consider the functions

and the authority of the governing body of a city in issuance of licenses under the Liquor Control Act of this state to a person seeking to engage in the business of the retail sale of liquor in the city. In the opinion in that case we said:

"The liquor traffic is one properly subject to governmental control, and the retail liquor traffic has generally been deemed one peculiarly subject not only to state but to local regulation. Chapter 259, Laws 1937, recognizes this basic theory and confers upon the governing bodies of cities, within their respective jurisdictions, the authority 'to regulate the retail sale of alcohol and alcoholic beverages.' . . .

The Liquor Control Act does not evidence an intention that the governing body of a city shall serve merely as a rubber stamp for the approval of applications for licenses. It evidences an intention to charge such governing body with duties which require the exercise of judgment and discretion." 69 ND 416–417.

In plaintiff's brief on this appeal it is said that we are confronted with two issues: (1) whether a city council may arbitrarily deny renewal of a liquor license to a man who has been lawfully operating for several years and grant an exclusive license to another applicant; and (2) whether a city council in carrying out such policy may issue a license for part of a year and decline to issue it for the remainder of the year.

It is true the city council refused to issue a license to the plaintiff for the whole of the year 1950 although it decided to issue and did issue to him a license from January 1, 1950, to March 1, 1950, and the city council also decided to issue only one license for the period from March 1, 1950, to January 1, 1951, but it can not be said that the council in so doing acted arbitrarily and without reason. The record discloses that they gave much thought and consideration to the actions to be taken and that they deliberately arrived at the conclusion as to whom licenses should be issued and the periods for which they should be issued and that in the issuance of the licenses and in the refusal to issue, the members of the city council exercised their deliberate and honest judgment.

The Liquor Control Act makes no reference to an application

for a renewal of a license. It refers and provides only for the issuance of licenses pursuant to an application. There is no suggestion that the holder of a license acquires any right to have another license issued because of his having held or then holding a license. The question as to the effect to be given to the fact that an applicant for a grant or renewal of a liquor license has held or is holding such a license was considered at length by the Supreme Court of Minnesota in Paron v. Shakopee, 226 Minn 222, 32 NW2d 603, 2 ALR2d 1227. In its opinion in the case the court said:

"A prior expired license has fulfilled the purpose of its creation and is therefore of no further value or effect. Unless the statute entitles the licensee to a renewal upon compliance with certain conditions, such an expired license confers no rights upon the former licensee. There is nothing in the liquor laws of this state upon which the right to renewal can be premised.

"In State ex rel. Interstate, etc., v. Minneapolis-St. Paul Metropolitan Airports Comm. 223 Minn 175, 187, 25 NW2d 718, 726, this court said:

" ' . . . A license confers upon the licensee the right to engage in the licensed business only for the term specified in the license. A prior expired license is functus officio and confers no rights upon the licensee named therein, except in certain cases where by statute it entitles him to a renewal upon compliance with specified conditions.'

"In that case, as here, the parties involved were applying for new licenses, and there was no claim of statutory renewal rights. The court further said (223 Minn 187, 25 NW2d 726):

" ' . . . . In such cases, their application for a license stands upon the same basis as if they never had been licensed.' "

This language is directly applicable in this case. In this state as in Minnesota no reference is made in the laws to an application for a renewal of a liquor license. Each applicant for a license must submit an application precisely as though he were applying for a license for the first time. It is the function of the governing body of a city to determine which application shall or shall not be granted.

It is argued by the appellant that the action of the city council upon the applications for licenses was taken on December 5, 1949, and that under the ordinances of the City of LaMoure then in effect no provision was made for the issuance of a license for a period of less than one year. The minutes of the meeting of December 5, 1949, disclose that the applications for licenses were considered and that there was general agreement on the part of the members of the council as to the action to be taken on the several applications but the minutes also disclose that it was decided that the ordinances of the City of LaMoure should be amended so as to authorize the council to issue licenses for a period of less than one year, and as has been shown above thereafter an ordinance providing for such amendment was introduced and given its first reading at a meeting of the city council on December 13, 1949, and placed upon its second reading and duly passed on December 22, 1949. The evidence further shows that the officials of the city took no final action upon the issuance of liquor licenses until on December 29, 1949, when with all the members present they reviewed all applications for licenses and gave the applicants an opportunity to appear and be heard. Only after such action had been taken on December 29, 1949, did the members of the city council take final action on the licenses and cause any of them to be issued. Paron v. Shakopee, 226 Minn at pp 230–231, 32 NW2d at pp 608–609.

The Liquor Control Act does not restrict the governing body of a city or village to the issuance of licenses for a period of one year or prohibit them from issuing licenses for a shorter period. The fact that the city council in considering the applications for licenses that had been filed also considered the general policy that should be pursued with respect to the number of places to be licensed and the periods for which licenses might be issued and also discussed the necessity of amending the ordinance so as to authorize licenses to be issued for a period of less than one year does not affect the validity of the action of the council in granting or rejecting applications for licenses under an ordinance subsequently enacted. The question whether existing ordinances should be amended and changed and, if so, what

changes should be made were matters entirely within the jurisdiction of the city council.

Plaintiff contends that the provision in (NDRC 1943, 5–0320) Liquor Control Act that

"The governing body of any city, village, or county may revoke licenses for cause and may regulate the retail sale of liquor within its jurisdiction, subject to review by the courts of the State," grants to an applicant for a liquor license the right of review by the courts of a determination of the city council refusing to issue a license and he argues that this provision has in effect been nullified and the plaintiff denied such review by the decision appealed from.

The law makes no provision for an appeal from any decision or action of the governing body of a city or village and it will be noted that the above quoted statutory provision makes no provision for the method or the extent of review by the courts of a decision or action of such governing body. It will be noted also that the provision makes specific reference only to one type of action as being subject to review by the courts, namely the revocation for cause of a license that has been issued. There is a further general reference in the provision to acts by the governing body of a city or village in the regulation of the retail sale of alcohol or alcoholic beverages within the city or village. What acts of such governing body were intended should be subject to review by the courts of the State and what should be the extent of review? Obviously it cannot be assumed that it was intended that there should be no finality to any act or decision of the governing body and that every act or decision should be subject to review by the courts.

The Liquor Control Act confers upon the governing body of a city or village in which the business is to be conducted the exclusive authority to issue licenses for the retail sale of intoxicants within such city or village. The issuance of such license calls for the exercise of judgment and discretion on the part of such governing body. State ex rel Miller v. Reiter, 140 Minn 491, 168 NW 714; Thielen v. Kostelecky, supra. The Liquor Control Act sets no standards which the applicant must meet as

a basis for a license. The only provisions in the law relating to the qualifications of an applicant is that he must have a legal and bona fide residence in, and be a citizen of, the State. NDRC 1943, 5–0302. The determination of the question whether a license for the retail sale of liquor shall or shall not be granted to an applicant by a governing body of a city or village is a matter which involves the exercise of an administrative function and we are of the opinion that there was no intention to vest in the courts the duty to determine whether a license should or should not be granted to an applicant or to which one of several applicants, each one possessing legal qualifications entitling him to apply for a license, a license should be granted or that there was any intent to vest the court with authority to review and control the discretion which the law vests in the governing body of a city or village in the issuance of licenses or to confer upon the court the authority to substitute its judgment for that of the licensing authority and in effect exercise the judgment and discretion which has been conferred specifically and exclusively by the Liquor Control Act upon the governing body of the city or village in which the liquor business is to be conducted by the licensee. (Paron v. Shakopee, supra).

The National Prohibition Act authorized the action of the commissioner in refusing an application for a permit or in revoking a permit that had been issued to be reviewed by an appropriate proceeding in a court of equity. Prohibition Act, tit 2, sections 5, 6; 27 USCA sections 14, 16 c. The Federal courts in construing this statute have held that the review before the court is not a trial de novo; that in such review the discretion of the officer was final and conclusive and not subject to judicial review unless his decision was wholly unsupported by the evidence or was wholly dependent on a question of law or based on an error of law, or was arbitrary or capricious. 48 CJS Sec 165, p 271. In Ma-King Products Co. v. Blair, 271 US 479, 70 L ed 1046, the Supreme Court of the United States held that under the statute the refusal of the commissioner to grant a permit to operate a plant for denaturing alcohol was not reviewable by the court. In its opinion in the case the court said:

"It is clear that Congress in providing that an adverse decision of the. Commissioner might be reviewed in a court of equity, did not undertake to vest in the court the administrative function of determining whether or not the permit should be granted; but that this provision is to be construed, in the light of the well established rule in analogous cases, as merely giving the court authority to determine whether, upon the facts and law, the action of the Commissioner is based upon an error of law, or is wholly unsupported by the evidence or' clearly arbitrary and capricious." Ma-King Products Co. v. Blair, 271 US 479–483, 70 L ed 1046–1048.

In this case the plaintiff invoked review by the courts. He charged that the members of the city council in refusing to issue a license to the plaintiff acted without authority of law and in violation of rights guaranteed to him by the Constitution of the State and the Constitution of the United States and that in passing upon the applications for licenses they had been influenced by and had carried out a corrupt agreement formerly made and that their action was arbitrary and capricious. On the trial in the district court plaintiff was afforded every opportunity to sustain the charges he had made against the action of the city council but he failed to establish any of the charges. The trial court found that there had been no corrupt agreement and that the action of the city council was within their authority. The record clearly shows that in considering the applications for licenses each applicant was afforded full opportunity to be heard before the city council. The fact that the plaintiff and others may disagree with their action, of course, does not show that such action was capricious or arbitrary. The members of the city council are charged under the law with the performance of a public duty and upon the record here there is no basis for finding that the members of the city council acted otherwise than such as they concluded would be for the best interests and welfare of the people of the City of LaMoure.

The judgment appealed from is affirmed.

Nuessle, C. J., Morris, Burke and Grimson, JJ., concur.