August F. ZENKER and Christina Zenker, Plaintiffs and Appellants,

v.

B. E. WINDER; D. W. Crawford; C. D. Neff; Mel Silverman; Glen B. Hake; Fred W. Lausen; John L. Simpson; Lorch Folz; Henry S. Jacobus, Jr.; Wm. H. Tyler; Mrs. Veronica Harris; Magnolia Petroleum Company, a corporation; A. A. Horwitz; Wm. P. Oldom; Gordon G. Clark; James Danaher; Tom Danaher; John Fowler; Fowler Farm Oil Corporation; Pauline McKinnon, a feme sole; Sinclair Oil and Gas Company, a corporation; S. D. Johnson; The Atlantic Refining Company, a corporation; J. D. Leftwich and Carl E. Maxey, and all other persons unknown, having or claiming to have any estate or interest in, or lien or encumbrance upon the property described in the complaint, Defendants and Respondents.

No. 7482.

Supreme Court of North Dakota.

Feb. 23, 1955.

J. K. Murray, Bismarck, August Doerr, Napoleon, for plaintiffs and appellants.

Cox, Pearce & Engebretson, Bismarck, for defendants and respondents.

JOHNSON, Judge.

This is an action to quiet title to 620 acres of farm land in Logan County and 540 acres in Stutsman County, North Dakota. The real object and purpose of the action was to obtain a declaration that two oil and gas leases and mineral deeds given by the plaintiffs were fraudulent and void. The plaintiffs had entered into two oil and gas leases in favor of the defendant, B. E. Winder, and into two mineral deeds in favor of D. W. Crawford. All these instruments were executed at the same time.

The action was tried to the court without a jury. After presentation of the evidence in this case and twelve other cases, involving similar facts, and the consideration of briefs filed by the parties, the court rendered and filed a memorandum decision declaring the oil and gas leases and the mineral deeds fraudulent and void.

After the memorandum decision had been filed declaring the oil and gas leases and the mineral deeds void, the plaintiffs made a motion requesting the trial court to modify its decision and to enter a judgment declaring that the mineral deeds were void and further declaring that the oil and gas leases were valid, and thus permitting the plaintiffs to retain all the moneys received by them at the time of the execution of these instruments, or received by them as subsequent delay rentals.

In its opinion the trial court in dealing with this and the other cases involving similar facts, required the plaintiffs to return all moneys received in this transaction. The trial court in this connection said:

"The court reaches the conclusion that the signature of the plaintiffs was obtained by misrepresentation and fraud. The execution of the oil lease and the mineral deed was one transaction. Plaintiffs have offered to return all moneys received in connection with the transaction. The court will require the plaintiffs to pay into court for delivery to the defendant Crawford all moneys received, either at the time of the transaction, or for a renewal of leases. When such payment has been made, the court will order judgment in favor of the plaintiffs and against the defendants setting aside the leases and the mineral deeds in each case."

The pleadings show that this action was started on the theory that the oil and gas leases and mineral deeds involved were obtained by fraud. It was tried on the same theory. The complaint of the plaintiffs contains a tender to the defendants, B. E. Winder and D. W. Crawford, of the consideration paid at the time of such leases and deeds, towit, ten dollars each, which the complaint declares "is an inadequate consideration." In the prayer for relief the plaintiffs ask: "that said leases and deeds be declared fraudulent and void and cancelled of record." The complaint in this action was never amended. It stands as it was originally drawn and filed. The plaintiffs testified to substantiate the allegations of their complaint. They offered to bring into court all moneys which they had received at the time of the execution of the instruments or later deposited to their credit. The defendant, Crawford, gave one check for the oil and gas leases and mineral deeds. No evidence was presented as to what was paid for each type of instrument. The testimony amply bears out that the plaintiffs offered to tender the money back that they had received for the oil and gas leases and the mineral deeds. August F. Zenker testified in that connection as follows:

"Q. Have you tendered that money back in your complaint? A. The first check?

"Q. Yes. A. Yes.

"Q. Are you ready and willing and able now to pay that money into court if he clears up your title to the property? A. Yes.

"Q. But you want him to give you and the other plaintiff a quit-claim deed back to your land? A. Yes.

"Q. And a release from this lease? A. Yes.

"Q. Someone who has a hand in it? A. Yes.

"Q. And you have tendered that in your complaint? A. Yes.

"Q. Now you said that he put some more money in the bank for you? A. Yes.

"Q. Did you tell the bank you were taking that money out? A. It is a separate deposit there.

"Q. You are not going to take it out? A. No.

"Q. You don't want it? A. No.

"Q. You want your land cleared? A. Yes.

"Q. In this case you want your title to your land quieted and cleared against all the defendants with reference to a deed and lease? A. That is right.

"Q. You want them all wiped out? A. Yes."

This examination was conducted by the attorney for the plaintiffs.

With the record in this condition, the plaintiffs served a notice of motion which in their brief is denominated as, "Motion to Invalidate Mineral Deeds Only." The notice of motion states the following grounds:

"1. That there is no evidence in the record sufficient to invalidate the lease;

"2. That there is hereto attached a release signed by the plaintiffs releasing all claims as to the invalidity of the lease or leases involved in the action;

"3. That the execution and delivery of the lease was and is a separate transaction from the execution and delivery of the mineral deed; that the undisputed evidence conclusively shows that the mineral deed was not only procured by fraud but it was that type of fraud which constitutes a forgery."

The notice of motion further states that it is based upon the evidence and that reference may be had to the court reporter's shorthand notes, upon the release attached to the notice and upon all the records and files in the action. It further recites, "that no findings of fact, and no order for judgment has been signed, nor has any judgment been entered; that all that has been done is a memorandum opinion handed down by the court holding both the deed and the lease invalid and requiring the plaintiffs to pay back to the defendants all the money received, as a condition precedent to the entry of judgment." Attached to the notice of motion is a document entitled, "Release of Claim of Invalidity of Lease." Omitting its formal parts, it states:

"Whereas, the above entitled action has been tried, and a memorandum decision written by the presiding Judge dated the 15th day of July, 1953; and

"Whereas, no judgment has yet been entered and the plaintiffs and their attorneys are of the opinion that, with reference to the lease, the plaintiffs got what they bargained for and that there is no evidence in the record with reference to the procuring of the lease by fraud;

"Now, Therefore, the plaintiffs do hereby release the defendants from any and all claims of fraud in connection with the procuring of the plaintiffs' signatures to the lease involved in the above entitled action, but merely claim fraud in connection with the procuring of the plaintiffs' signatures to the mineral deed involved in the above entitled action."

This document is dated January 15, 1954, and signed by the plaintiffs in this action.

The court denied the motion. It said:

"The plaintiffs now seek by this motion to retain such fruits of the transaction as they desire to retain and to have the court declare void such fruits of the transaction as they would like to avoid. The original case was not started on any such theory, was not tried upon any such theory, and was not submitted upon any such theory."

The order denying the motion is dated March 27, 1954. The plaintiffs appealed to this court from the order denying the motion and specify as error the denial thereof. They base their right of appeal on subsections 1 and 5 of Section 28–2702, NDRC 1943. The defendants move for a dismissal of the appeal on the ground that the order is not appealable under subsections 1 and 5 of Section 28–2702 of the NDRC.

The merits of this action are not before us. The sole and only question for decision is whether or not the unusual procedure here taken by the appellants is appealable under either of the subsections cited and mentioned above.

■ The right of appeal is purely statutory. Anderson v. Bothum, 77 N.D. 678, 45 N.W.2d 488. Section 28–2702, NDRC 1943, provides what orders are appealable. The right of appeal under that section has been before this court in a great many cases. Our review of such cases would serve no purpose. None of the cases deal with a situation similar to the case at bar. The appellants cite no authority as precedent for the procedure taken.

The right of appeal exists in such cases, and only in such cases, as are prescribed by law. Ellingson v. Northwest Jobbers Credit Bureau, 58 N.D. 754, 227 N.W. 360; Burdick v. Mann, 59 N.D. 611, 231 N.W. 545. In the case of Dean v. Smith, 50 N.D. 638, 197 N.W. 589, 590, this court said in dealing with an appeal from certain interlocutory findings and conclusions of the trial court in an accounting action:

"This court has heretofore held that an order to be appealable under subdivision 1, § 7841, C.L.1913, must not only be an order affecting a substantial right, but must also be an order which in effect determines the action and prevents a judgment from which an appeal may be taken. Persons v. Simons, 1 N.D. 243, 46 N.W. 969; Whitney v. Ritz, 24 N.D. 576, 140 N.W. 676. Hence, a mere order for judgment is not appealable. Ellis v. George, 43 N.D. 408, 175 N.W. 623; Olness v. Duffy, 49 N.D. 933, 194 N.W. 113; In re Eaton, 7 N.D. 269, 74 N.W. 870. So an order refusing an application for judgment upon the special findings and general verdict of a jury is not appealable, since the order does not determine the action or prevent a judgment from which an appeal might be taken. (Persons v. Simons, supra)."

■ There is no question that the record amply bears out the conclusion reached by the trial court in its memorandum decision upon the motion filed by the plaintiffs and appellants, that the action was instituted and tried on the theory that the oil and gas leases and the mineral deeds were fraudulent and void. We have heretofore quoted the specific prayer of the plaintiffs asking that they be so declared and cancelled of record. The evidence heretofore set forth indicates conclusively that the plaintiffs offered to pay into court all of the moneys that they had received at the time of the transaction or subsequent thereto. They wanted their title cleared of the leases and the mineral deeds. The trial court granted them the relief they had asked. After granting them such relief, and after having won the action on the theory that they had presented to the trial court, the plaintiffs decided that they did not want what they had asked for in the first place. This action, therefore, presents the peculiar situation that the plaintiffs and appellants obtained and were granted exactly what they asked for and on the basis of what they had offered to do and still they are dissatisfied. Can

they now, before entry of any judgment and based solely on the memorandum decision of the trial court, and the trial court's order refusing to modify the same, claim that the order affects a substantial right? Surely these appellants cannot contend that a substantial right has been affected when they obtained the relief they requested. Neither have they shown that the order in effect determines the action and prevents a judgment from which an appeal may be taken. They have the right to appeal from any judgment entered by the court in this action, and may attempt to show that two transactions were involved, and further attempt to show that the evidence does not bear out the conclusion reached by the trial court. It is no hardship upon them that during such period they deposit in court the money that they received from the defendant, Crawford. If they prevail on the merits in event of an appeal, the money they now seek to retain will revert to them. The order appealed from is not appealable under subsection 1, Section 28–2702, NDRC 1943.

■ The next point is to determine whether the order involves the merits of the action or some part thereof. Subsection 5 of Section 28–2702, supra, was considered in the case of in In re Glavkee's Estate, 75 N.D. 118, 25 N.W.2d 925. There the court quoted from the case of Bolton v. Donavan, 9 N.D. 575, 84 N.W. 357, 358, as follows:

"The term 'merits,' as used by the profession, when applied to actions, usually denotes the subject or grounds of an action as stated in the complaint, or the grounds of the defense as stated in the answer; and a trial of the merits of an action generally means the elicitation of evidence in support of the averments of fact set out in the pleadings. But the courts, in construing statutes governing appeals from interlocutory orders, have frequently enlarged this meaning and have held that the phrase 'involves the merits' must be so interpreted as to embrace orders which pass upon the substantial legal rights of the suitor, whether such rights do or do not relate directly to the cause of action or subject-matter in controversy."

See also Schutt v. Federal Land Bank of Saint Paul, 71 N.D. 640, 3 N.W.2d 417; Swiggum v. Valley Inv. Co., 73 N.D. 422, 15 N.W.2d 862.

In the case at bar the strict legal rights of the parties had been determined favorably to the plaintiffs. The pleadings and the evidence clearly show that the plaintiffs and appellants obtained the relief that they were seeking. The plaintiffs and appellants seek to change the entire theory of their action and in effect to obtain a release therefrom and from the offer that they made in open court. They have prevailed upon the merits. The order of the trial court is not appealable under subsection 5 of Section 28–2702, NDRC 1943.

It follows that the motion of the defendants must be granted. The appeal is dismissed.

JOHNSON, GRIMSON and SATHRE, JJ., concur.

MORRIS, Judge (concurring specially).

I concur in the result reached by the opinion prepared by Judge Johnson. This is an action tried to the court without a jury.

"Upon the trial of any question or issue of fact by the court, its findings of fact and conclusions of law, and direction for entry of judgment in accordance with such conclusions must be given in writing and filed with the clerk * * *." Section 28–1601 NDRC 1943.

Section 28–1604 NDRC 1943 provides:

"The judge may direct either or both parties to prepare findings of fact, unless they have been waived, and may

direct that the same be served upon the opposing party. Either party may submit to the court proposed findings of fact and may submit a brief statement of reasons why he desires findings upon the points included within the findings prepared by himself, or why he objects to findings upon the points included within the findings prepared by his adversary. The judge may adopt, modify, or reject the finding so submitted. If the judge does not direct the preparation of findings, or those prepared are rejected, then he must prepare the findings."

The trial court prepared a memorandum in which he discusses the facts and states his conclusion with reference to the disposition of the case. He then says:

"The attorneys for the plaintiffs will draw findings, conclusions, and order for judgment in each case, and will submit the same to the attorneys for the defendants five days before submitting to the Court, and if the attorneys for defendant have any objection to the form of the proposed findings and order, these objections may be made known to the Court."

The plaintiffs then made the motion resulting in this appeal in which they asked for the entry of a judgment different from that which would be entered if findings, conclusions of law, and order for judgment were made in accordance with the trial court's memorandum. This motion, in effect, asked the trial court to alter the memorandum in material respects. Plaintiffs' motion further recites:

"That no findings of fact and no order for judgment has been signed, nor has any judgment been entered; that all that has been done is a memorandum opinion handed down by the Court holding both the deed and the lease invalid and requiring the plaintiffs to pay back to the defendants all the money received, as a condition precedent to the entry of judgment."

Plaintiffs' motion was accompanied by a document entitled "Release of Claim of Invalidity of Lease" in which the plaintiffs released the defendants from any and all claims of fraud in connection with procuring their signatures to the lease involved in the action, and then stated:

"Wherefore, the plaintiffs pray that the Court modify the Memorandum Decision written on the 15th day of July, 1953, so as to invalidate the Mineral Deed only."

This appeal is from the order of the trial court denying the application to modify the memorandum opinion. The order does not affect a right of the appellants, substantial or otherwise, for they have no right to require the court to change his intention which has not become final. No order for judgment has been entered. An order for judgment is not appealable. Smith v. City of La Moure, 77 N.D. 658, 44 N.W.2d 789; Great Northern Ry. Co. v. Mustad, 76 N.D. 84, 33 N.W.2d 436; Olness v. Duffy, 49 N.D. 933, 194 N.W. 113; Malherek v. City of Fargo, 49 N.D. 123, 190 N.W. 176; Dibble v. Hanson, 17 N.D. 21, 114 N.W. 371; In re Weber, 4 N.D. 119, 59 N.W. 523, 28 L.R.A. 621. An order for judgment must first be reduced to a judgment before an appeal can be taken.

"It is obvious that before an appeal can be taken the trial court must decide something; that is to say, there must be a decision, a judgment or order. The opinion of the court—in other words, its reasons for coming to the conclusion it has—is not a decision for the purpose of taking an appeal therefrom." Bancroft's Code Practice and Remedies, Section 6291.

This is an attempt to control the decision of the trial court before the decision has been rendered in the manner prescribed by our statutes. The court has directed findings to be prepared. The motion which results in this appeal seeks to secure a modification of that direction. By this appeal the appellants would have

us direct the trial court to modify his memorandum as to how the findings should be prepared. In other words, this court and not the trial court would direct what judgment was to be entered by the trial court before he had made a final determination or entered an order for a judgment from which an appeal could be taken under our statutes. Not only is such a procedure not contemplated by the statutes, but it seeks action on our part that exceeds the power of this court as an appellate tribunal.

BURKE, Chief Justice.

I concur in the foregoing opinion by Judge MORRIS.