Silas SHROCK, Plaintiff and Respondent,

v.

Ann ROY, Theodore Roy, Michael Roy and Harry Roy, Defendants and Appellants.

No. 7969.

Supreme Court of North Dakota.

Nov. 22, 1961.

E. T. Christianson, Cavalier, for defendants and appellants.

Conrad J. Ziegler, Rugby, for plaintiff and respondent.

MORRIS, Judge.

█ The notice of appeal entitled in the District Court of Rolette County and directed to the attorney for plaintiff, dated December 6, 1960, states:

"Please take notice that the Defendants, above named, hereby appeal to the Supreme Court of the State of North Dakota from the Judgment rendered by the above named Court herein, entered on the 19th day of May, 1960 and, from the order of the above named Court and its writ of possession issued on the 16th day of September, 1960, in favor of the plaintiff and against the defendants and from the whole thereof."

Service of this notice upon plaintiff's attorney was made by mailing to him on December 7, 1960, a copy of the notice of appeal and undertaking for costs. The notice of appeal was filed in the office of the clerk of the district court on March 15, 1961. A more defective record than that which is attempted to be presented here is beyond imagination. The statutes and rules of this court pertaining to the taking and perfecting of appeals have been ignored. The judgment roll does not comply with Section 28-20-12, NDCC. Among the papers sent to us as a judgment roll are trial briefs and assorted documents not specified by the above statute and not identified by the trial court by an order settling statement of the case or other order. There is no settled statement of the case although a transcript of testimony is included. We have, however, examined the papers properly included in a judgment roll and find that the action is one to quiet title to certain real estate in Rolette County. Judgment was entered by default in favor of the plaintiff and against the defendants, quieting title, on May 19, 1960. The judgment was silent as to possession. On June 3, 1960, the plaintiff, being unable to gain possession, applied to the district court for an order to show cause why a writ of possession should not issue. The matter was heard on July 13, 1960. On September 16, 1960, the trial court issued a memorandum in which he stated:

"The plaintiff, being the person having paramount claim to the real property, and having demanded possession of the same, may present in conformity with this opinion Amended Findings of Fact, Conclusions of Law and Order for Judgment, incorporating therein the awarding by this Court of a Writ of Possession for said described real property against all other parties to this action, and that Judgment be entered in accordance therewith, with costs to plaintiff and against defendants."

The record before us contains no further order of the court or amended judgment. This memorandum at the most amounts to an order for judgment. An order for judgment is not appealable. Zenker v. Winder. N.D., 68 N.W.2d 671; Smith v. City of La-Moure, 77 N.D. 658, 44 N.W.2d 789; Great Northern Ry. Co. v. Mustad, 76 N.D. 84, 33 N.W.2d 436; Olness v. Duffy, 49 N.D. 933, 194 N.W. 113; Malherek v. City of Fargo, 49 N.D. 123, 190 N.W. 176; Dibble v. Han-

son, 17 N.D. 21, 114 N.W. 371; In re Weber, 4 N.D. 119, 59 N.W. 523, 28 L.R.A. 621.

Appellant's brief does not comply with Rule 8 (B), Rules of Practice of the Supreme Court, 76 N.D., page XIX, in that no pleadings are set forth therein, and neither the judgment nor the order, if any, referred to in the notice of appeal is described in appellant's brief.

■■ Referring again to the contents of the notice of appeal, we observe that it first attempts to appeal from a judgment entered on May 19, 1960. The judgment on its face shows that it was rendered by default. Under the provisions of Section 28-27-04, NDCC, an appeal from a judgment by default must be taken within 6 months after the entry thereof. At the time the appeal was taken the judgment had become final and was no longer appealable. The service and filing of a notice of appeal within the time prescribed for taking an appeal are necessary to confer jurisdiction upon the appellate court. Krueger v. Hayko, N.D., 87 N.W.2d 539; Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845.

■ The second part of the notice of appeal refers to an order of the court issued on September 16, 1960. No such order appears among the papers sent to us by the clerk of the district court nor is such an order described in any of the briefs. We can do nothing other than assume that there is none. As we have pointed out, if the memorandum of the court be considered an order for judgment, it is not appealable. An attempted appeal from a nonappealable order will be dismissed by the Supreme Court on its own motion. Ferguson v. Jensen, 76 N.D. 647, 38 N.W.2d 560. It follows that the purported appeal does not confer upon this court jurisdiction to review any action of the district court. We therefore order that the appeal be and is hereby dismissed.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.